No. 14,895.

## Stricker, Executor, v. Barnes.

Decedents' Estates.—*Claim.*—A succinct statement of a claim against a decedent's estate, and sufficient to bar another action for the causes therein set forth, is a sufficient statement of such claim.

Promissory Note.—*Execution.—Circumstantial Evidence.*— The execution of a promissory note, like any other fact, may be proved by circumstantial evidence.

From the Clark Circuit Court.

*G. H. D. Gibson,* for appellant.

*J. K. Marsh,* for appellee.

Coffey, J.—The appellee filed the following claim against the estate of William Stricker, deceased, viz.:

" *The Estate of William Stricker, Deceased:*

"*To* Willis L. Barnes, *Dr.*

| | | |
|---|---|---|
| To amount due and unpaid on note, a copy of which is filed herewith, marked 'Exhibit A,' and made part hereof . . . . . . . . . . . . . . . . . . . . $305 | 45 |
| To amount due and unpaid on note, a copy of which is filed herewith, marked 'Exhibit B,' and made part hereof . . . . . . . . . . . . . . . . . . 392 | 41 |
| To amount due and unpaid on note, a copy of which is filed herewith, marked 'Exhibit C,' and made part hereof . . . . . . . . . . . . . . . . . 357 | 44 |
| To sawing 9,125 feet of soft timber, at 45 cents per 100 feet . . . . . . . . . . . . . . . . . . . . 41 | 06 |
| To sawing 11,687 feet of hard timber, at 50 cents per 100 feet . . . . . . . . . . . . . . . . . 58 | 43 |
| By cash . . . . . . . . . . . . . . . . . . . . 40 | 00 |

To this claim is attached the affidavit required by the statute.

" Exhibit A," filed with the claim, is what purports to be

a promissory note executed to the claimant by William Stricker, by mark, for the sum of $573.48, dated January 3d, 1876, due twelve months after date, at ten per cent. interest, and providing for attorney's fees.

"Exhibit B," filed with the claim, purports to be a copy of a note executed by William Stricker to the claimant, by mark, for $225.32, dated January 1st, 1878, due one day after date, at ten per cent. interest, and providing for attorney's fees.

"Exhibit C" purports to be a copy of a note executed by William Stricker, by mark, to the claimant for $238.38, dated March 3d, 1882, due twelve months after date, at eight per cent. interest, and providing for attorney's fees.

The executor failing to allow the claim it was transferred to the issue docket, where a trial by the court resulted in a finding and judgment for the appellee.

The errors assigned are:

*First.* The claims and affidavit attached therewith and filed therein by the appellee did not state facts sufficient to constitute good several claims against said appellant.

*Second.* The court erred in overruling the appellant's motion for a new trial.

It may well be doubted as to whether the first assignment of error presents any question for the consideration of this court; but conceding, without deciding, that it does, still we do not think it should be sustained. The statute does not require any formal complaint to be filed against an estate. The claim here filed was certainly sufficient *to* bar another action for the causes therein set forth, and was a sufficient statement of the appellee's claim. *Post* v. *Pedrick,* 52 Ind. 490.

Under the second assignment of error it is claimed:

*First.* That the circuit court erred in the admission of improper evidence on the trial of the cause; and,

*Second.* That the evidence in the cause does not sustain the finding of the court.

The evidence admitted on the trial, of which the appellant complains, consisted of evidence tending to show that the deceased was indebted to the appellee in a large sum for sawing lumber.   The evidence tended to show that the deceased did not have at his command the money necessary to discharge the indebtedness and proposed to execute his note for the same, which the appellee agreed to accept.   For the purpose of settling and executing the note they left the mill and went to the house of the appellee.

We can conceive of no valid objection to this evidence. It certainly tended to prove that there was a debt due from the deceased to the appellee, which might constitute a consideration for one of the notes in suit, and when taken altogether tended strongly, we think, to prove that the deceased did execute one of the notes in suit for that consideration.

It is true that on the trial of the cause the witnesses were not able to identify two of the notes in. suit.   The note dated January 1st, 1878, was so clearly identified as to leave no reasonable doubt that the deceased executed it at the date it bears.   In relation to the other two notes, William McMillen testified that in the spring of 1882, the deceased told him that he had just settled with appellee, and had given his note, or notes, he was not certain which, for a thousand dollars.

William Stricker testified that appellee sawed a large quantity of lumber for the deceased.   After the sawing was done deceased came to the mill to settle, and said if appellee would go to the house he would give his note for the amount due.   In the house he saw the appellee with a pen and saw the deceased take hold of it.

Irvin Moore testified that on one occasion deceased came to the mill to settle, and proposed to execute his note for the amount due, and that appellee and deceased went to the house for that purpose.

Lambert Barnes testified that the appellee sawed a large quantity of lumber for the deceased; that in 1882, he saw

the deceased sign a note at the house of the appellee; that he signed it by his mark. The note was given for sawing, and was executed in the spring of 1882. The last bill for sawing was in 1883, after the execution of the note.

In April or May, 1885, deceased paid appellee $40. At that time the appellee asked deceased if he would not put the three notes he held against him and the account all in one note and reduce the interest. Deceased replied: "Let them stand, as they are all right. The notes are all right and the account is all right. I can stand it if you can. The $40 was paid on the account."

This evidence tended to prove that the appellee had in his possession three notes executed to him by the deceased in settlement for debts due for sawing lumber. In the absence of any evidence to the contrary, we think the court was authorized to infer that the three notes offered in evidence on the trial were the three notes referred to in the conversation between deceased and the appellee in the presence of Lambert Barnes. We know of no reason why the execution of a note may not be proven by circumstantial evidence as well as any other fact.

We think the evidence in this cause tends to support the finding of the circuit court.

Judgment affirmed.

Filed Jan. 9, 1890; petition for a rehearing overruled Feb. 28, 1890.