Miller, Administrator, *v.* Eldridge.

Filed Jan. 9, 1891.

---

No. 15,672.

126  461
136  597

## MILLER, ADMINISTRATOR, *v.* ELDRIDGE.

DECEDENTS' ESTATES.—*Claim.*—*Sufficiency of.*—A claim filed against a decedent's estate is sufficient if the demand is stated succinctly and definitely. Succinctness and definiteness in the statement of the credits to which the estate is entitled are not required, and if the credits and deductions are stated merely there is a compliance with the statute.

PAYMENT.—*Receipt in Full.*—*Presumption.*—*Circumstances.*—*Question for Jury.*—A receipt in full of all demands carries with it the presumption of full payment, but the presumption may be removed by evidence. The circumstances surrounding the execution of the receipt, and the amount paid for which the receipt was executed, are questions for the jury.

Miller, Administrator, *v.* Eldridge.

SAME.—*Accord and Satisfaction.*—Where a debt is due, the payment of a less sum than the whole debt, upon an agreement that the same should be received in full satisfaction of the debt, is payment only to the extent of the sum paid.

CONTRACT.—*Verbal Agreement.*—*Stipulated Compensation.*—*Recovery on Implied Promise.*—In an action for services rendered upon a verbal contract at a stipulated compensation, where the circumstances are such as to raise an implied promise to pay, there may be a recovery for the value of the services where there is a failure to prove the stipulated compensation alleged.

SAME.—*Statute of Frauds.*—*Action on Quantum Meruit for Value of Services Rendered.*—A contract by a decedent, within the statute of frauds, to compensate one for rendering services by provision made in his will, will support an action on a *quantum meruit* for the value of the services rendered.

From the Floyd Circuit Court.

*J. H. Stotsenburg* and *E. B. Stotsenburg,* for appellant.
*C. L. Jewett* and *H. E. Jewett,* for appellee.

BERKSHIRE, J.—The appellee filed her claim against appellant in the court below. A demurrer was addressed to the claim and overruled, and thereafter the appellant filed his motion to make the claim more specific, which the court overruled, and an exception was noted.

The cause afterwards came before the court and a jury for trial, and thereafter the jury returned a verdict for the appellee ; and, over a motion for a new trial, the proper order was made for the payment of the amount found by the jury to be due to the claimant.

Error is assigned, raising the following questions : 1. The sufficiency of the claim. 2. The propriety of the court's ruling in overruling the motion to make the claim more specific. 3. Calling in question the action of the court in overruling the motion for a new trial.

The refusal of the court to give general instructions is assigned as error, but this question can only be raised by assigning it as a cause for a new trial.

The claim is sufficient to withstand a demurrer, or when

questioned by the assignment of error in this court. *Stricker* v. *Barnes*, 122 Ind. 348; *Davis* v. *Huston*, 84 Ind. 272; *Ginn* v. *Collins*, 43 Ind. 271.

The motion to make the complaint more specific has more merit in it, but the question is entirely free from difficulty.

The statute requires that the claim filed be succinct and definite as to the character of the claim, and we think this provision of the statute is fully answered in the claim filed, and especially so in view of what is held in the cases above cited. But the statute requires that the statement filed shall set forth the credits and deductions to which the estate is entitled, and it is contended that this is not done succinctly and definitely.

But the statute does not require succinctness and definiteness as to the credits, but simply that the credits and deductions to which the estate is entitled shall be given.

We can understand the importance of requiring that the demand shall be stated with succinctness and definiteness.

This is so that the administrator may know just what it is that he will be required to resist; but the character of the credits to which the estate is entitled is not so important; if the correct amount is stated the estate receives the benefit of it whether itemized or stated in gross.

We are of the opinion that there was no available error in overruling the motion to make the claim more specific.

The reasons assigned for a new trial are:

1. The damages are excessive.

2. The verdict is not sustained by sufficient evidence.

3. The verdict is contrary to law.

4. The court erred in giving instructions numbered five and seven asked by the appellee, and in refusing instruction numbered four asked by the appellant, and in giving as modified instruction numbered six asked by him.

We have examined the evidence critically, and are of the opinion that it supports the verdict, and do not think the damages assessed, in view of the evidence, are excessive.

That the appellee rendered the services as claimed there can be no question, and whether her compensation is controlled by an express agreement or is to rest upon a *quantum meruit* can make no difference, as the value of the services as proven and the stipulated price are the same—$10 per month.

There is some evidence tending to show a contract for the compensation alleged, and sufficient to support a finding to that effect by the jury.

The evidence of payment does not exceed the amount conceded by the claim filed, and the credits do not reduce the claim to the amount found by the jury.

A receipt was introduced in evidence for $200, in full of all demands.

The execution of this receipt was not denied, but it was open to explanation. The circumstances under which it was executed, and the amount paid, if any thing, for which the receipt was executed, were questions for the jury. The receipt carried with it the presumption of full payment, but this presumption might be removed by evidence.

That the verdict is contrary to law in any other sense than that the evidence does not support it, and that the court erred in its instructions to the jury, is not claimed.

The fifth instruction asked by the appellee and given by the court gave the jury to understand that if the appellee was otherwise entitled to recover, but had failed to prove a stipulated compensation for her services, she would be entitled to recover the value thereof.

We are unable to discover any infirmity in this instruction.

We think the rule is well settled that in an action for services rendered upon a verbal contract at a stipulated compensation, where the circumstances are such as to raise an implied promise to pay, there may be a recovery for the value of the services where there is a failure to prove the stipulated compensation alleged—this is not a variance that

would mislead the appellant, and is therefore wholly immaterial.

The seventh instruction given by the court stated the law correctly.

If the appellee had served the decedent under an arrangement which entitled her to payment therefor, and a large sum of money was due her because of such services, the payment of a less sum, though she may have agreed to receive the same in full satisfaction, was only a payment to the extent of the sum paid. This is elementary. See *Laboyteaux* v. *Swigart*, 103 Ind. 596 ; *Fletcher* v. *Wurgler*, 97 Ind. 223.

There was no evidence to support the fourth instruction asked by the appellant, and no theory of the case for it to rest upon.

The contract averred, and to which the evidence was directed, was a contract for services by the month, and although it is alleged that under the contract the appellee rendered many years' service to the decedent, it was but a contract to serve him from month to month.

The sixth instruction, as modified, stated the law correctly, and as favorable to the appellant as he was entitled to have it stated.

If the appellee served the decedent under an agreement that he was to compensate her by making proper provision for her in his will, and the contract was within the statute of frauds, she was clearly entitled to recover for her services upon a *quantum meruit*. *Caviness* v. *Rushton*, 101 Ind. 500; *Schoonover* v. *Vachon*, 121 Ind. 3.

We find no error in the record.

Judgment affirmed, with costs.

Filed Jan. 10, 1891.