## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* FRAZE.

[No. 18,378.    Filed May 24, 1898.]

PLEADING.—*Sham Pleading.*—Section 385, Burns' R. S. 1894, providing that a pleading may be rejected as sham where it plainly appears on its face, or by answer to interrogatories, to be false or intended for delay, does not authorize the court to reject a pleading upon answers to interrogatories tending to show that the facts averred in the pleading were false, where the court could only reach the conclusion that the allegations were false by weighing and balancing the probabilities arising from certain inferences to be drawn from physical facts stated in such answers.    *pp. 576-578.*

RAILROADS.—*Accident at Crossing.*— *Burden of Proof.*— Where a person is injured by a collision with a train, while crossing a railroad track, the fault is *prima facie* his own, and before a recovery can be had for such injury, it must be shown not only that he looked and listened without seeing or hearing the train in time to escape, but that he could not have seen it or heard it in time to have escaped if he had looked and listened.    *pp. 578-582.*

From the Jackson Circuit Court.    *Reversed.*

*S. Stansifer* and *Applewhite & Applewhite,* for appellant.

*A. N. Munden,* for appellee.

McCABE, J.—The appellee sued the appellant to recover damages resulting from a personal injury to appellee, at a place where appellant's railway is crossed by a highway, caused, as is alleged, by the negligence of appellant.    The issues were tried by a jury, resulting in a verdict for the plaintiff, upon which judgment was rendered, over appellant's motion for a new trial. The trial court overruled a demurrer to the complaint, and overruled appellant's motion to reject the complaint.    Upon these several rulings alone error is assigned by appellant. The court, we think, properly overruled the motion to reject the complaint.    The statute requires the court not only to reject, as sham,

an answer, but any other pleading "either when it plainly appears upon the face thereof to be false in fact, and intended merely for delay, or when shown to be so by answers of the party to special written interrogatories propounded to him to ascertain whether the pleading is false." Section 385, Burns' R. S. 1894 (382, R. S. 1881). The appellant propounded interrogatories to appellee for that purpose, and they were answered by him. The object of such interrogatories, and the answers of appellee thereto, was to show that the allegation in the complaint that he was free from contributory negligence was false. The particular contributory negligence sought to be shown by the answers to the interrogatories was whether appellee looked both ways and listened attentively for a coming train of cars, and whether he saw the train in time to avoid, as he approached the crossing, injury thereby. Appellee's answers to the interrogatories specifically and directly state that he did so look and listen, and did not see the train in time to avoid the injury he suffered thereby. But appellant contends that the answers disclose a number of physical facts and surrounding circumstances sufficient to show that the answers to such interrogatories were false, either in stating that appellee did so look and listen, or, if he did so look and listen, that he did not see the train. Such a state of facts does not comply with the statute requiring the rejection of the pleading as sham for its falsity. It must plainly appear, either upon its face, or by answers to the interrogatories to be false. Here it does not plainly appear on the face of the complaint, nor does it so appear from answers that the particular allegation mentioned is false. The trial court could only reach the conclusion that it was, false by weighing and balancing the probabilities aris-

ing from certain inferences to be drawn from physical facts, the lay of the land, the railroad track and the highway; the presence or absence of obstructions to the sight of the coming train, stated in said answers to said interrogatories, tending to show that appellee might have seen the same as he approached the crossing. In other words, the court below was required to weigh and determine whether the physical facts and surrounding circumstances set forth in said answers were sufficient, as appellant contends they were, to overcome and destroy the appellee's positive statement that he did look both ways and listened attentively as he approached the crossing, and failed to see or hear the train in time to avoid being struck thereby. In such a case the question of fact thus presented cannot be tried and determined on a motion to reject the pleading. Bliss on Code Pleading (3d ed.), section 422, and authorities there cited. There was no error in overruling the motion to reject.

Only two points are urged under the motion for a new trial, namely: That the circuit court erroneously refused certain instructions, and that the evidence is not sufficient to establish appellee's freedom from contributory fault.

The substance of the seventeenth instruction asked by appellant and refused by the court, is as follows: "If the evidence fails to satisfy your minds by a preponderance, that the plaintiff by diligently listening for trains, and diligently looking behind him or in the direction of the train, could not have seen or heard said train at any time or place as he approached the crossing, and before too near to it, then * * * I instruct you that the law demands that your verdict be for the defendant." In view of the evidence in the case this instruction was peculiarly applicable, and ought to have been given, if it correctly expresses the law.

It has been repeatedly affirmed by this court that "When a person crossing a railroad track is injured by a collision with a train, the fault is, *prima facie,* his own, and he must show affirmatively, that his fault or negligence did not contribute to the injury, before he is entitled to recover for such injury." *Hathaway* v. *Toledo, etc., R. W. Co.,* 46 Ind. 25; *Cincinnati, etc., R. W. Co.* v. *Butler,* 103 Ind. 31; *Mann* v. *Belt R. R., etc., Co.,* 128 Ind. 138; *Smith* v. *Wabash R. R. Co.,* 141 Ind. 92; *Cincinnati, etc., R. W. Co.* v. *Duncan, Admr.,* 143 Ind. 524; *Lake Erie, etc., R. R. Co.* v. *Stick,* 143 Ind. 449.

It is also thoroughly established law in this State that "In attempting to cross, the traveler must listen for signals, notice signs put up as warnings, and look attentively up and down the track. * * * If a traveler, by looking, could have seen an approaching train in time to escape, it will be presumed, in case he is injured by a collision, either that he did not look, or, if he did look, that he did not heed what he saw." *Mann* v. *Belt R. R., etc., Co., supra; Lake Erie, etc., R. R. Co.* v. *Stick, supra.*

It is also established that the law will assume that such person "actually saw what he could have seen, if he had looked, and heard what he could have heard, if he had listened." *Cones, Admr.,* v. *Cincinnati, etc., R. W. Co.,* 114 Ind. 328; *Lake Erie, etc., R. R. Co.* v. *Stick, supra.*

The law then will presume that this appellee saw the train in time to escape, if he could have seen it by looking, and heard it also in time to escape, if he could have heard it had he attentively listened. Then how necessary it was to instruct the jury, as requested in the seventeenth instruction, that in case appellee had failed to prove that he could not see or hear the

train in time to escape, he must fail. The burden being on him to prove his freedom from fault or contributory negligence, it is not enough to prove that he looked and listened without seeing or hearing the train in time to escape. Why? Because the law, as we have seen, will presume he both saw and heard it if the other facts in evidence are such as to clearly show that he could have seen it, or heard it, or both, in time to escape, if he had looked or listened. And the evidence was such as to justify and legally require the giving of such an instruction. It left the question of fact to the jury to determine, that is, whether the evidence had failed to prove that the plaintiff, by attentively looking and listening, could not have seen or heard the train in time to escape. In case the evidence did so fail, the instruction is that the verdict must be for the defendant; because in that event the plaintiff has not established his freedom from contributory negligence, even though he has sworn that he looked and listened without seeing or hearing the train in time to escape. This is so, because physical facts established beyond dispute may be of such a nature as to overcome conclusively mere verbal statements sworn to. If the physical facts in evidence were such as to show clearly that appellee could have seen the train in time to escape if he had looked, or heard it in time to have escaped had he listened, it is clear that he could not recover, even though he testified that he both looked and listened for it, and did not see or hear it in time to escape. It is true that puts upon him the burden of proving, not only that he looked and listened for the train and did not see or hear it in time to escape, but also that he could *not* have seen or heard it, by looking and listening for it, in time to escape. This is the law, because, if he is not required to prove, as the seventeenth instruction

directs, that he could not have either seen or heard the train in time to escape by looking or listening, then he may recover in the face of physical facts in evidence showing that it was a moral impossibility for him to fail to see the train, or fail to hear it in time to escape, had he looked or listened for it attentively. To hold otherwise would violate the rule already mentioned, long established here and elsewhere, that a traveler approaching a railroad crossing of a highway is presumed in law to have seen what he could have seen, if he had looked attentively, and to have heard what he could have heard, if he had listened attentively. The reason of this presumption is that it was the traveler's solemn duty to look attentively when approaching such a crossing, and listen attentively for a coming train. This duty only relates to coming trains or vehicles on the railroad track, and hence the presumption that he saw and heard what he might have seen and heard relates only to coming trains or vehicles on the railroad track.

Appellee's counsel insist that there was no available error in refusing the seventeenth instruction, even though it correctly stated the law, because the twelfth instruction given by the court, at appellant's request, as is claimed, covers the same ground covered by the refused instruction. But we have examined that instruction, and find that it does not embrace the peculiar element embraced in the seventeenth, which we have been discussing, nor was there any instruction given by the court that did embrace that matter. We therefore hold that the court erred in refusing to give the instruction, for which the judgment must be reversed.

We are also asked to reverse the judgment because of the insufficiency of the evidence to establish appellant's freedom from contributory negligence.

We refrain from commenting on the evidence, lest it might have the effect to prejudice the plaintiff's case before another jury, as a new trial must be had. We content ourselves by calling attention of the trial court to the admonition contained in *Lake Erie, etc., R. R. Co.* v. *Stick, supra,* which was designed as much for the instruction of trial judges generally in the State as it was the learned judge presiding in the trial of that particular case. Injustice is often done unintentionally by the trial judge shrinking from the responsibility cast upon him by the law of granting a new trial where the evidence fails to support the verdict. The injustice resulting from a failure to courageously meet and discharge that responsibility in many instances cannot be rectified by this court.

For the error in refusing the seventeenth instruction asked by the appellant, the trial court should have granted appellant's motion for a new trial. For that error the judgment is reversed, and the cause remanded, with instructions to sustain the defendant's motion for a new trial, and for further proceedings not inconsistent with this opinion.