## HAYS *v.* HAYS, ADMINISTRATOR.

[No. 7,490. Filed January 26, 1912.]

1. ASSUMPSIT.—*Work and Labor.—Payment.—Instructions.*—In an action for services, there being an answer of payment, an instruction stating, among other things, that "the law will not infer payment from facts tending to prove it, however fully such facts would support such an inference by the jury or court trying the case," is not prejudicial to defendant, such part of the instruction, though irrelevant, being abstractly correct. p. 299.

2. ASSUMPSIT.—*Labor.—Payment.—Instructions.*—In an action of *assumpsit* for services rendered, an answer of payment being made, an instruction that payment is a question of fact and not of law, and that it is not necessary to prove payment by direct or positive evidence, but it may be established by all the facts and circumstances, is correct. p. 300.

3. TRIAL.—*Instructions.—How Considered.* — Where the instructions when considered together are not misleading, no harmful error can be predicated thereon. p. 300.

4. WITNESSES.—*Competency.—Physicians.—Professional Information.*—Communications made by a patient to her physician relative to her compensation, and made in the course of determining whether she should go away for her health, are privileged under §520 Burns 1908, §497 R. S. 1881, providing that "the following persons shall not be competent witnesses: * * * Fourth. Physicians, as to matter communicated to them as such, by patients, in the course of their professional business, or advice given in such cases." p. 300.

5. ASSUMPSIT.—*Amount of Recovery.—Evidence.*—Evidence that plaintiff's decedent was in defendant's service 400 weeks, that her services were worth from $6 to $15 a week, and that defendant was entitled to a set-off for $2,270.22, supports a verdict for plaintiff for $966.67. p. 302.

From Owen Circuit Court; *Joseph W. Williams,* Judge.

Action by Emory M. Hays, as administrator of the estate of Nellie Hays, deceased, against Hattie N. Hays. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Inman H. Fowler* and *James A. McNutt,* for appellant. *D. E. Watson* and *Willis Hickam,* for appellee.

ADAMS, J.—Action by appellee against appellant, on a *quantum meruit*, for services rendered by appellee's decedent in managing a store owned by appellant. There was a trial by jury, and a verdict for appellee in the sum of $966.67.

Error is assigned on the overruling of the motion for a new trial, which motion specifically states (1) that the court erred in giving to the jury instruction twenty-two; (2) that the court erred in excluding the answer of Doctor Caleb A. Pritchard, a witness for the defendant, to a question calling for a conversation had with decedent while at his office; (3) that the recovery is too large.

Instruction twenty-two is as follows: ''Defendant's second paragraph of answer is a plea of payment, in which it is averred that prior to the time of the commencement 1. of this action, said defendant fully paid, liquidated and discharged said indebtedness, as alleged in plaintiff's complaint. The party pleading payment has the burden of proof. Payment is a question of fact and not one of law, and the law will not infer payment from facts tending to prove it, however fully such facts would support such an inference by the jury or court trying the case. It is not necessary, however, to prove payment by direct or positive evidence, but it may be established by all the facts and circumstances shown by the evidence.''

The part of this instruction of which complaint is made is that wherein the court told the jury that ''the law will not infer payment from facts tending to prove it, however fully such facts would support such an inference by the jury or court trying the case.'' This is strictly true as an abstract statement. The law is not a thinking, reasoning entity. The law infers nothing. The part of the instruction quoted is surplusage and irrelevant, and did not aid the jury in the performance of its duty. But it does not follow that the rights of the appellant were prejudiced by it. And, if

not, the incorporation of an irrelevant legal proposition into the instruction was harmless. It is only where an instruction, not relevant to the issue, is harmful that it will constitute reversible error. *Doyle & Co.* v. *Hawkins* (1905), 34 Ind. App. 514.

It will be noted that the court in the same instruction told the jury that payment is a question of fact, and not one of law, and that it is not necessary to prove payment by direct or positive evidence, but it may be established by all the facts and circumstances shown by the evidence. This is a correct statement of the law. •

Instructions twenty-three, twenty-four and twenty-five fully and correctly state the law relating to payment, and clearly informed the jury of the facts and circumstances which might be considered in determining the question of payment. Construing together all the instructions given by the court on this issue, we are satisfied that the jury could not have been misled by the irrelevant statement contained in instruction twenty-two.

The question propounded to Doctor Pritchard, and to which the court sustained an objection, was: "Doctor, you may state what conversation, if any, you had with Nellie Hays at your office, with reference to the compensation that she was receiving from Mrs. Hays, as one of the clerks in her store." Before ruling upon the objection, in the absence of the jury, the court examined the witness, who testified that in August, 1906, decedent, Nellie Hays, had been his patient for about six months; that she usually came to his office Sunday morning; that at the time in question she was not well, and came to his office for treatment; that she was consulting him as her physician; that he advised her to get away from the store and take a vacation; that she said she was not able to pay the expenses, to which witness answered, that he did not see why; that she replied: "I don't get as much probably as you think I do;" that witness then asked her how much she got; that he gave

her some medicine and prescribed for her at the time the conversation took place; that he was instructing her about her health, and was advising her to go away; that he made the inquiry that he might know whether she could go, and that he made the inquiry of her as a patient; that the conversation occurred in the doctor's office, where decedent had gone for treatment, and when she and the doctor were alone; that she hesitated about telling him of her financial condition, and that he urged her, and that the only reason he desired to know was to enable him to advise her, as his patient, to go away for her health.

Communications from a patient to a physician were not privileged at common law, but have been made so in this State by §520 Burns 1908, §497 R. S. 1881, which reads as follows: "The following persons shall not be competent witnesses: * * * Fourth. Physicians, as to matters communicated to them as such, by patients, in the course of their professional business, or advice given in such cases."

The plain reading of the statute would seem to be a sufficient reply to the contention of appellant, but the decisions of the Supreme Court have given the act even a broader meaning than its language imports. It was said in the case of Towles v. McCurdy (1904), 163 Ind. 12, 14: "The construction given to the statute forbidding the disclosure in evidence against the will of the patient of communications made to the physician in the course of his professional business has been much broader than the language of the act, and the prohibition has been held to include not only communications and advice, but all information acquired by the physician while treating or attending the patient in his professional capacity." Masonic, etc., Assn. v. Beck (1881), 77 Ind. 203, 204, 40 Am. Rep. 295; Gurley v. Park (1893), 135 Ind. 440, 442; Heuston v. Simpson (1888), 115 Ind. 62, 63, 7 Am. St. 409; Penn Mut. Life Ins. Co. v. Wiler (1885), 100 Ind. 92, 99, 50 Am. Rep. 769; Excelsior Mut. Aid Assn. v. Riddle (1883), 91 Ind. 84, 88.

There was no error in sustaining appellee's objection to the question propounded and the evidence offered.

It is also urged by appellant that the recovery was too large. An examination of the evidence discloses that appellee's decedent was in the service of the appellant 400 weeks. The value of the services rendered was variously estimated from $6 to $15 a week, and there was evidence from which the jury might have found the value of the services to be from $2,400 to $6,000. Appellant claimed a set-off amounting to $2,270.22. After allowing such set-off in full, there was ample evidence from which the jury was warranted in returning a verdict for the amount found. The appellant was ably represented, and the cause was clearly tried and determined upon its merits.

Judgment affirmed.