# STILES *v.* HASLER.

[No. 8,278. Filed April 10, 1914.]

1. APPEAL.—*Assignment of Errors.—Insufficiency of Complaint.*— Under §348 Burns 1914, Acts 1911 p. 415, no reversible error is presented on appeal by an assignment that the complaint does not state facts sufficient to constitute a cause of action. p. 90.

2. APPEAL.—*Review.—Ruling on Demurrer.—Objections Considered.*—In determining whether the overruling of a demurrer to a complaint is erroneous, the court on appeal can consider only the objections urged in the memorandum filed with the demurrer, and if the complaint is not insufficient in one or more of the respects pointed out, the overruling of such demurrer is not reversible error. p. 91.

3. FRAUD.—*Action.—Complaint.*—A complaint alleging that defendant represented to the plaintiff that a mule purchased by the

latter was sound, except that its wind was thick, and that defendant at the time knew that such mule was sick and afflicted with "bull heaves", was not insufficient as showing that the defects were within the exceptions made by the defendant, since the court cannot judicially know what particular organ of a horse or mule would be afflicted by "bull heaves", and especially were the objections untenable in view of allegations from which it is manifest that the affliction was more than thick and defective wind.   p. 91.

4.   FRAUD.— *Action.*— *Complaint.*— *Sufficiency.*— *Appeal.*— A complaint for damages for fraudulent representations in the sale of a mule to plaintiff, though defective in failing to aver that plaintiff had no knowledge of the defect complained of, and that he was induced to purchase it by the fraudulent representations charged, was not open to an objection based on the ground that it was affirmatively shown that plaintiff knew of the alleged defect, and in view of both the language and intent of §344 Burns 1914, Acts 1911 p. 415, requiring objections to a complaint to be stated in a memorandum filed with the demurrer, the court was warranted in overruling the demurrer thereto, and the judgment for plaintiff will not be disturbed because of such ruling.   p. 92.

From Martin Circuit Court; *J. W. Ogden,* Judge.

Action by Peter Hasler against Charles Stiles. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Frank E. Gilkison,* for appellant.

*Hiram McCormick,* for appellee.

HOTTEL, J.—Appellant appeals from a judgment for fifty dollars recovered against him by appellee and relies for reversal on the following assigned errors:   (1) Appellee's complaint does not state facts sufficient to constitute a cause of action against appellant.   (2) The court erred in overruling appellant's demurrer to appellee's complaint.

The complaint charges in substance that appellee on August 7, 1911, purchased of appellant a bay mule for which he paid him $75; that at the time of the purchase and for the purpose of inducing appellee to purchase the mule, appellant falsely and fraudulently represented the mule to be sound, with the exception that its wind was thick or defective; that at the time of making such representations

the appellant well knew that the mule was sick, afflicted and worthless; that it had at the time a disease known as "bull heaves"; that it, with the least exertion, would fall to the ground and would be unable to rise for a considerable space of time and would, in its efforts to breathe, emit great quantities of blood and corruption from its nostrils; that all of the facts were known to the appellant at the time of making the representations; that soon after he purchased and took possession of the mule, appellee discovered its sick and diseased condition and offered to return it to appellant and notified him that the condition of the mule was such that appellee could not remove it from his pasture near the city of Loogootee to Shoals where appellant lived, and demanded of appellant that he come and receive the mule and refund appellee the purchase price thereof, which appellant failed and refused to do; that by reason of appellant's failure to receive the mule appellee was compelled to feed and care for the mule which feed and care is of the value of $50; that appellee has been damaged in the price of seventy-five dollars, paid for the mule, and that the mule is entirely worthless for any purpose. Judgment for $150 damages is demanded.

This action was begun on August 15, 1911, and after §§1, 85, 89, of an act concerning proceedings in civil cases, approved April 7, 1881, as amended by the act of 1911 (Acts 1911 p. 415) were in force. Section 89, *supra,* as amended by §3 of said amendatory act, being §348 Burns 1914, Acts 1911 p. 415, eliminates from such original section the right therein reserved to assign as error in this court "the objection that the complaint does not state facts sufficient to constitute a cause of action". It follows that no reversible error is presented by the first assigned error. *Robinson* v. *State* (1912), 177 Ind. 263, 266, 97 N. E. 929.

That part of §85, *supra,* here involved, as amended by §2 of the amendatory act, being subd. 6, §344 Burns 1914,

Acts 1911 p. 415, provides that "when a demurrer to any complaint is filed on the ground that the complaint does not state facts sufficient to constitute a cause of action, a memorandum shall be filed therewith stating wherein such pleading is insufficient for want of facts, and the parties so demurring shall be deemed to have waived his right thereafter to question the same for any defect not so specified in such memorandum." Appellant filed with his demurrer for want of facts a memorandum stating wherein such complaint "is insufficient for want of facts," as follows: "1st. There is no allegation that said mule was unsound in any other manner than its thick and defective wind. 2d. The allegations of the complaint show that defendant's representation that the mule had thick or defective wind was true. 3d. The allegations of the complaint show that the only ailment of the mule was its defective wind. 4th. The allegations of the complaint show that the plaintiff at the time of purchasing said mule was told by the defendant that the mule had defective wind; no other ailment is alleged; it thus appears that the plaintiff bought the mule with notice of the defect. 5th. The allegations of the complaint show that the plaintiff in purchasing the mule relied upon his own knowledge and not upon any representation of the defendant. 6th. There is no sufficient allegation of a return or offer to return the mule to defendant."

In determining whether reversible error is presented by the ruling on the demurrer we can look only to the memorandum, and if the complaint is not insufficient in one or more of the respects therein pointed out the overruling thereof furnishes no ground for reversal. While this court can not say that it judicially knows the particular organ of a horse or mule afflicted by the disease charged in the complaint as that of "bull heaves", we think that it must be manifest, from the other averment describing the symptoms and

effect, on the mule in question, of the disease with which it was afflicted when appellee purchased it, that such disease or affliction must have been something more than thick or defective wind, and that such averments in their entirety furnish a sufficient answer to the first four objections, *supra,* to the complaint.

The fifth objection, on first blush at least, presents a more serious question. It is contended by appellant and admitted by appellee that the complaint proceeds on the theory of fraudulent representations, etc. It does not aver that the appellee had no knowledge of the afflicted condition of the mule when he purchased it, or that he was induced to purchase it by the representations of appellant, charged to have been falsely and fraudulently made, and in such respect is clearly defective and subject to demurrer. It will be observed, however, that the fifth objection, *supra,* is not based on the absence of either of the averments, or on the absence of any averment from the complaint. On the contrary the objection is based on the ground that such complaint affirmatively shows that the appellee knew of the alleged affliction and condition of the mule and relied on his own judgment in its purchase. The complaint is not bad on account of any such affirmative averments, or showing; but, as before indicated, its infirmity results from the omitted or absent averments on the subject. It may be said that this distinction is technical and that a judgment for a plaintiff should not be permitted to stand on a complaint admittedly insufficient against demurrer, especially when the attention of the trial court might be said to have been impliedly directed to its particular infirmity. The purpose and language of the statute requiring the demurrer to be accompanied with the memorandum furnishes a complete answer to this objection. Both the history of the passage of such act and its language necessitate the conclusion that by it the legislature intended to require that such memorandum should point out in clear,

explicit and unambiguous language each particulaɪ insufficiency of the pleading demurred to, on which the demurring party relies; and, to permit him to cover up or conceal from the trial court by ambiguous or uncertain language or phraseology the objection intended to be urged and relied on in the appellate tribunal would be to defeat the intent and purpose of the law and make it a weapon by which appellate procedure would be complicated rather than simplified. *State, ex rel.* v. *Bartholomew* (1911), 176 Ind. 182, 95 N. E. 417. The complaint was sufficient as against each of the objections contained in the memorandum accompanying the demurrer and hence the trial court properly overruled such demurrer. Judgment affirmed.

NOTE.—Reported in 104 N. E. 878. As to misrepresentation in respect of a material point, see 18 Am. St. 559. See, also, under (1) 2 Cyc. 989; (2) 2 Cyc. 689; (3) 20 Cyc. 96-98; (4) 31 Cyc. 312.