## HOLLANDER v. FLETCHER.

### [No. 9,083. Filed May 22, 1916.]

1. APPEAL.—*Review.*—*Sufficiency of Complaint.*—Under the provision of §348 Burns 1914, Acts 1911, p. 415, if no objection to a complaint is taken by demurrer or answer, defendant is deemed to have waived all objections except the jurisdiction of the court over the subject of the action, and he can not, on appeal, for the first time, raise the question that the complaint does not state facts sufficient to constitute a cause of action. p. 150.

2. PLEADING.—*Defenses.*—*Sufficiency.*—Under §391 Burns 1914, §382 R. S. 1881, providing that an answer or other pleading shall be rejected as sham when it appears on the face thereof to be false, or is shown to be so by the answers of the party to special interrogatories propounded to ascertain the falsity of such pleading, *held*, that it must appear *plainly*, however, from such answers that the pleading sought to be stricken out is false. p. 152.

3. PAYMENT.—*Plea.*—*Evidence.*—Under a general plea of payment it is not necessary to prove payment by direct or positive evidence, but it may be established by all the facts and circumstances shown by the evidence. p. 153.

4. PLEADING.—*Motion to Strike Out.*—*Answer.*—*Sufficiency.*—In an action on a note defendant pleaded payment and in answer to special interrogatories averred the payment and undertook to show how the note was paid, setting forth certain transactions with the plaintiff in reference to such note. Section 391 Burns 1914 §382 R. S. 1881, declares that an answer shall be rejected as sham when shown to be false by answers to special interrogatories propounded to ascertain that fact. *Held*, that it was erroneous to strike out defendant's plea of payment for the reason that it does not plainly appear from the defendant's answers to interrogatories that his answer of payment was false and that it was improper, on a motion to strike out, to draw inferences from such answers to interrogatories and to balance the probabilities arising from such inferences to sustain the conclusion that the plea of payment was false. p. 155.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Action by Nathan Fletcher against Harry Hollander. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Sheehan & Lyddick,* for appellant.
*Robert M. Davis,* for appellee.

McNutt, J.—This was a suit by appellee against appellant on a promissory note, a copy of which is set out in the complaint. Appellant, by his first assignment of error, attacks the sufficiency of the complaint for the first time in this court. The suit was begun in the court below in the April term, 1914, which was long after §§1, 85 and 89 of an act concerning proceedings in civil actions, approved April 7, 1881 (Acts 1881 [s.s.] p. 240, §§249, 339, 343 R. S. 1881, §§249, 344, 348 Burns 1908), as amended by the Act of 1911 (Acts 1911 p. 415, §§249, 344, 348 Burns 1914) were in force. Section 89, *supra*, as amended by §3 of the amendatory act, being §348 Burns 1914, *supra*, eliminates from the original section the right therein reserved to assign

1. as error in this court "the objection that the complaint does not state facts sufficient to constitute a cause of action." It follows, therefore, that no error is presented by said first assignment. *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929; *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878.

Appellant's second and fourth assignments of error challenge the correctness of the court's ruling in sustaining appellee's motion to strike out the second paragraph of appellant's answer, which was a general plea of payment. Appellee, for the purpose of ascertaining whether said second paragraph of answer was false, under §391 Burns 1914, §382 R. S. 1881, submitted certain special written interrogatories which appellant was ordered to answer under oath. Said interrogatories and answers are as follows: "1. Did you execute the note described in plaintiff's complaint? Answer, Yes. 2. Has the principal of said note or interest thereon, or any part of either principal or interest, been paid? Answer, Yes. 3. If No. 2 is answered in the affirmative, state

what the payment or payments consisted of, the amounts paid, and date or dates of payment. Answer. This affiant was engaged to the daughter of the plaintiff and they were to be married and in February or March, 1914, the exact date to the affiant is unknown, this plaintiff came to the defendant's place of business and said that he, the plaintiff, would not permit him, the defendant, to marry his, the plaintiff's daughter, because he, the defendant, was a poor man and not fit for his daughter, and this defendant then and there demanded the return of jewelry he had presented to the daughter and money he had expended in his courtship with her and the said plaintiff then and there agreed to return to the defendant his said note with the understanding that the same should be considered paid in defendant's release of said plaintiff's daughter from said engagement and not the return of the jewelry to this affiant and the money laid out and expended in his courtship, and to which this plaintiff and said defendant then and there agreed. 4. If No. 2 is answered in the affirmative state to whom, how and where said payment or payments were made and whether or not receipt for same was received. Answer. See answer to No. 3. 5. If No. 2 is answered in the affirmative and any payments claimed to have been made to any person other than the plaintiff state why said payments were to said party made, what, if anything was said at the time of payment concerning credit on said note or affecting it, or showing authority from plaintiff of party to accept payments thereon. Answer. See answer to No. 3."

After appellant filed his answers to the interrogatories, appellee moved the court to strike out the second paragraph of answer for the reason that the answers to the special written interrogatories showed

that the answer of payment was false in fact, and intended merely for delay. The court sustained this motion and appellant excepted.

Section 391 Burns 1914, *supra*, reads as follows: "An answer or other pleading shall be rejected as sham, either when it plainly appears upon the face thereof to be false in fact, and intended merely for delay, or when shown to be so by the answers of the party to special written interrogatories propounded to him to ascertain whether the pleading is false; and all surplusage, tautology, and irrelevant matter shall be set aside and struck out of any pleading, when pointed out by the party aggrieved."

Under said section, if an answer is shown to be false by answers to special interrogatories, it is proper to strike it out on motion. *Lowe* v.

2. *Thompson* (1882), 86 Ind. 503; *Pittsburgh, etc., R. Co.* v. *Fraze* (1898), 150 Ind. 576, 50 N. E. 576, 65 Am. St. 377; *Tilden* v. *Louisville, etc., Co.* (1901), 157 Ind. 532, 62 N. E. 31. But it must plainly appear from such answers that the pleading sought to be stricken out is false. *Pittsburgh, etc., R. Co.* v. *Fraze, supra*.

In the case of *Atkinson* v. *Wabash R. Co.* (1896), 143 Ind. 501, 509, 41 N. E. 947, the court said: "It is settled that where averments or matter in a pleading are in any way material, they ought not to be struck out on motion, and the recognized test of their materiality is to inquire whether they tend to constitute a cause of action or defense; if they do they are not irrelevant and ought not to be suppressed."

In the case of *Clark* v. *Jeffersonville, etc., R. Co.* (1873), 44 Ind. 248, the court said: "When a demurrer is sustained to a pleading, the party has a right to amend, but when a pleading is stricken out, it cannot be amended, for it is out of the record.

The party then must either reserve the question by a bill of exceptions and seek relief in this court, or obtain the leave of the court to file another pleading. For this reason, motions to strike out are not to be encouraged, unless it is manifest to the court that it would be to the prejudice of the party that has to answer or reply, to suffer the objectionable matter to remain. *Molony* v. *Dows*, 15 How. Pr. (N. Y.) 261."

3. Under a general plea of payment it is not necessary to prove payment by direct or positive evidence, but it may be established by all the facts and circumstances shown by the evidence. *Hays* v. *Hays* (1912), 49 Ind. App. 298, 97 N. E. 198; *Wolcott* v. *Ensign* (1876), 53 Ind. 70.

Appellant contends that the answers to the interrogatories set forth sufficient facts and circumstances to show payment of the note sued on, but insists that even if they did not, the answers to the second and third interrogatories were in such conflict that the court should have left it to be determined on trial as to the truth or falsity of the question of payment, and cites and relies upon the case of *Pittsburgh, etc., R. Co.* v. *Fraze, supra.* In that case the court said (at page 576): "The court, we think, properly overruled the motion to reject the complaint. The statute requires the court not only to reject, as sham, an answer, but any other pleading 'either when it plainly appears upon the face thereof to be false in fact, and intended merely for delay, or when shown to be so by answers of the party to special written interrogatories propounded to him to ascertain whether the pleading is false.' * * * The appellant propounded interrogatories to appellee for that purpose, and they were answered by him. The object of such interrogatories, and the answers

of appellee thereto, was to show that the allegation in the complaint that he was free from contributory negligence was false. The particular contributory negligence sought to be shown by the answers to the interrogatories was whether appellee looked both ways and listened attentively for a coming train of cars and whether he saw the train, as he approached the crossing, in time to avoid injury thereby. Appellee's answers to the interrogatories specifically and directly state that he did so look and listen, and did not see the train in time to avoid the injury he suffered thereby. But appellant contends that the answers disclose a number of physical facts and surrounding circumstances sufficient to show that the answers to such interrogatories were false, either in stating that appellee did so look and listen, or, if he did so look and listen, that he did not see the train. Such a state of facts does not comply with the statute requiring the rejection of the pleading as sham for its falsity. It must plainly appear, either upon its face, or by answers to the interrogatories to be false. Here it does not plainly appear on the face of the complaint, nor does it so appear from the answers that the particular allegation mentioned is false. The trial court could only reach the conclusion that it was false by weighing and balancing the probabilities arising from certain inferences to be drawn from physical facts, the lay of the land, the railroad track and the highway, the presence or absence of obstructions to the sight of the coming train stated in said answers to said interrogatories, tending to show that appellee might have seen the same as he approached the crossing. In other words, the court below was required to weigh and determine whether the physical facts and surrounding circumstances set forth in said answers were sufficient, as appellant contends they were, to overcome and destroy the appel-

lee's positive statement that he did look both ways and listened attentively as he approached the crossing, and failed to see or hear the train in time to avoid being struck thereby. In such a case the question of fact thus presented cannot be tried and determined on a motion to reject the pleading."

So in the case at bar, appellant's second answer is positively that he paid the note. While it is true that in his third answer he undertakes to state how the note was paid, many inferences might be drawn therefrom, and the trial court could only reach the conclusion that the answer of payment was false by weighing and balancing the probabilities arising from such inferences tending to show payment. We are of the opinion that it does not plainly appear by the answers to interrogatories that appellant's answer of payment was false, and this question should have been submitted to the court under the issue made thereon by appellee's reply in denial. Appellee's motion to strike out the second paragraph of appellant's answer should have been overruled.

As the judgment must be reversed for this error, the other questions raised by appellant in his brief need not be decided. Judgment reversed, with instructions to overrule appellee's motion to strike out appellant's second paragraph of answer, and for further proceedings consistent with this opinion.

NOTE.—Reported in 112 N. E. 847. See under (3) 30 Cyc 1260· (4) 31 Cyc 628.