FRANK BIRD TRANSFER COMPANY v. SHAW.

[No. 9,958. Filed November 6, 1919. Rehearing denied February 27, 1920.]

1. APPEAL.—*Waiver of Error.—Sufficiency of Complaint.—Failure to Demur.*—Insufficiency of a complaint for a want of facts is waived by failure to demur thereto. p. 659.

2. APPEAL.—*Review.—Instructions.—Use of Streets.—Duty of Automobile Driver.*—In an action for personal injuries sustained by plaintiff when defendant company's automobile was backed against him, an instruction that it was the duty of the driver, while backing, to use unceasing vigilance and the highest degree of care so as not to injure any one behind him, was erroneous as invading the province of the jury to determine the degree of care that should have been exercised under the conditions. p. 659.

From Marion Superior Court (98,098); *Theophilus J. Moll,* Judge.

Action by Elmer Shaw against the Frank Bird

Transfer Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*William N. Harding, Alfred R. Hovey* and *Omer U. Newman,* for appellant.

*U. Z. Wiley* and *L. H. Van Briggle,* for appellee.

McMahan, J.—Action by appellee against appellant to recover damages for personal injuries alleged to have been sustained by him through the negligence of appellant in backing an automobile against him.

There was a judgment for appellee. Appellant's motion for a new trial was overruled and exception reserved. The only errors assigned which we need to consider are: (1) That the amended complaint does not state facts sufficient to constitute a cause of action; and (2) that the court erred in overruling the appellant's motion for a new trial.

Many of the points in appellant's brief are mere abstract propositions of law and fail to present any question for our consideration. Some of them, however, are directed specifically to certain alleged errors and will require our consideration. No error is presented by the first assignment. The insufficiency of a complaint for want of facts is waived by a failure to demur thereto. *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929; *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878; *Hollander* v. *Fletcher* (1916), 62 Ind. App. 149, 112 N. E. 847.

Appellant contends that the court erred in giving the eleventh instruction. That part of the instruction about which complaint is made reads as follows: "I instruct you that in so backing it was the duty of such driver in charge of said

taxicab and while so backing, to use unceasing vigilance and the highest degree of care so as not to injure any one behind him, and if you find that in backing said taxicab said driver did not use unceasing vigilance, then such backing would constitute negligence within the meaning of the law.''

An instruction reading as follows: '' 'It is the duty of the driver of an automobile while driving the same upon a public highway to be *constantly on the lookout for* pedestrians and other persons or vehicles that may at the time be making use of the highway * * * *' '' was held to be reversible error. *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443. In so holding the Supreme court, speaking through Townsend, J., said: ''The driver of this automobile was required to use the care which an ordinarily prudent person would exercise in like circumstances. This is the care required by law. Whether conduct in a given set of circumstances measures up to this, is for the jury. The jury must be permitted to determine whether this care requires 'constant lookout' or something else, in circumstances shown by the evidence.''

It is not practicable for a court to fix and declare as a matter of law the quantum of care or the degree of care that should be exercised under the conditions and circumstances peculiar to any special case. That duty rests with the jury to be performed under instruction from the court. The giving of said instruction No. 11 was error. *City of Decatur* v. *Eady* (1916), 186 Ind. 205, 115 N. E. 577, L. R. A. 1917E 242.

Appellee insists that, even though the giving of

NOVEMBER TERM, 1919. 661

said instruction was error, the correct result was reached, and that the giving of such instruction was harmless. We are not able to say that a correct result has been reached.

We do not find any error in the giving of instructions Nos. 4 and 13 tendered by appellee or in refusing to give instruction No. 7, tendered by appellant.

Judgment reversed, on account of the giving of the eleventh instruction, with instructions to sustain appellant's motion for a new trial.