SAM *v.* ALLIE, ADMINISTRATOR.

[No. 17,096.  Filed November 19, 1943.]

*Gleason & Gleason* and *Robert T. Wilson,* all of Michigan City, for appellant.

*Louis E. Kunkel* and *John Buenting,* both of Indianapolis, for appellee.

DOWELL, J.—Appellee brought this action against appellant for the sum of $680.00 which sum was placed in the hands of appellant by appellee's decedent prior to his death and which, as alleged by appellee, the appel-

lant did not return. Trial was by the court without jury.

Appellee's decedent, one Mohammed Ollie Abdo, died suddenly of a heart ailment on July 29, 1940, in Michigan City, Indiana. His living quarters, which were located in a home maintained by a lodge composed of fellow Mohammedan Syrians of which decedent had been clerk, was shortly thereafter locked by representatives of the police department who retained the key pending the arrival of decedent's next of kin. On the next day decedent's uncle, Joseph Fayz, arrived from Dearborn, Michigan, and, after the burial, which took place on July 31st, went with a police officer to decedent's room for the purpose of examining his personal effects. Unlocking a trunk with a key which was found on a desk, they discovered therein the sum of $24.00 and a small account book containing a record of decedent's financial transactions with appellant. The entries therein were in handwriting which was identified as decedent's by several fellow members of the society. The entries therein, translated from the Syrian, were as follows:

"Balance to carry over, November 12, was $500.00, 1937; then I gave him again on the 2d day of January, 1938, $40.00 which amounted to $540.00; then I gave to him on the 10th day of March, $40.00; then I gave to him on the 13th day of April, $100.00, which amounted to $680.00."

Confronted with this account book in the presence of other lodge members the appellant admitted that decedent had placed the money in his hands for safekeeping in accordance with his custom of many years' standing but averred that he had fully paid same to decedent prior to his death; that on one occasion he had purchased an overcoat for decedent at a cost of $35.00

and on other occasions had given decedent $5.00 or $10.00; that the actual and true balance due was $650.00 and that this amount was paid to decedent in cash and without receipt therefor about five days prior to his death. This last payment, according to appellant's declaration at this time was made on Franklin Street and no witnesses were present. Appellant's explanation of the final payment was that he was in trouble with the federal government and wanted to get decedent's money out of his hands.

At the trial, however, appellant produced a witness who testified that he was present on the morning when appellant paid decedent. The amount paid, according to this witness was $510.00.

Aside from the $24.00 found in decedent's trunk no other cash assets were discovered, nor did decedent carry any bank account.

On these facts, substantially, there was a finding for appellee and judgment thereon for $505.00, from which appellant appeals, asserting that the court erred in overruling the motion for a new trial which specified that the finding and decision are not sustained by sufficient evidence and are contrary to law and that the amount of recovery is too large.

The evidence is conflicting and we have not the right to weigh it. The admission of appellant himself, together with the entries in the account book, was sufficient evidence that appellant received the money. The question of payment is one of fact and not of law. Whether a given transaction, in a controverted case, constitutes a payment is a question for the jury or trial court and the verdict of the jury or the finding of the trial court on this question will not be disturbed on the weight of evidence. *Braden, Admr.* v. *Lemmon et al.* (1891), 127 Ind. 9, 26

N. E. 476; *The School Town of Monticello* v. *Grant et al.*
(1885), 104 Ind. 168, 1 N. E. 302; *Miller, Admr.* v.
*Eldridge* (1891), 126 Ind. 461, 27 N. E. 132; *Barrett*
v. *Sipp* (1912), 50 Ind. App. 304, 98 N. E. 310; *Hays*
v. *Hays* (1912), 49 Ind. App. 298, 97 N. E. 198; *Gradeless* v. *Gradeless* (1943), *ante*, p. 10, 49 N. E. (2d) 398.
(2d) 398.

So in this case the question of whether or not
appellant paid appellee was one to be resolved by the
trial court after a consideration of all the evidence
and reasonable inferences to be drawn from the facts
and circumstances disclosed thereby.

Appellant contends that the only evidence of the
indebtedness was the admission of appellant and that
the trial court had no right to accept this statement as true and at the same time reject as
untrue that portion of appellant's statement relating to payment. It is elementary that the jury or
trial court may believe a part of the testimony of a
witness and disbelieve a part thereof. We see no
merit in this contention.

Considerable emphasis is laid by appellant on the
principle that where the facts of a case are consistent
both with honesty and dishonesty the court will
adopt the construction which is in favor of honesty. Were we here dealing with a conflict of
presumptions instead of a conflict of evidence we might
perceive the applicability of the rule. However, the presumption of honesty which clothes a litigant may be
rebutted by evidence and the weight of that evidence is
for the trial court.

Appellant's contention that the amount of recovery
is too large is without merit. There was evidence from
which finding and judgment in the sum of $680.00
could have been awarded. The amount of judgment

actually given was well within the limitation of the evidence.

Affirmed.

Crumpacker, Presiding Judge, not participating.

NOTE.—Reported in 51 N. E. (2d) 393.