## CLARK *v.* HARNESS

[No. 168A1. Filed June 20, 1968. No Petition for Rehearing filed.]

*Scifres, Hollingsworth & Martin,* of Lebanon, for appellant.

*Ryan & Hartzell,* of Frankfort, and *James L. Goodwin,* of Lebanon, for appellee.

PFAFF, J.—This action originated when the appellee, Richard C. Harness, Executor of the Estate of John R. Harness, Deceased, filed a claim against the appellant, Willard E. Clark, Administrator of the Estate of Hazel M. Clark, deceased, based on three promissory notes executed by the decedent, Hazel M. Clark, to the decedent, John R. Harness.

Trial was had to the court, which resulted in a finding and judgment for the appellee, said judgment reading as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that claimant and plaintiff herein recover of and from the defendant herein the total sum of Fifteen Thousand Seven Hundred Two Dollars and Fifty-six ($15,-702.56) Cents, which includes both principal and interest.

"IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that the claimant shall recover of and from the defendant Twelve Hundred ($1200.00) Dollars for claimant's attorney fees in this cause.

"IT IS FURTHER ORDERED that costs in this matter shall be taxed to the defendant."

Thereafter appellant filed his motion for new trial, which was subsequently overruled, alleging:

"1. Error in the assessment of the amount of recovery in this, that the amount is too large.

"2. The decision of the Court is not sustained by sufficient evidence.

"3. The decision of the Court is contrary to law."

Appellant assigns as error to this court that the court erred in overruling his motion for new trial.

Rule 1-14B, Rules of the Supreme Court of Indiana, states:

"Whenever a new trial is requested on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law', the moving party shall file a memorandum stating specifically under such itemized cause wherein such evidence is insufficient or the verdict or decision is contrary to law. The party filing such motion shall be deemed to have waived any ground not specified in the memorandum."

Under this Rule, appellant has waived specifications 2 and 3 of his motion for new trial because of his failure to support said specifications with a memorandum. The only specification remaining for review by this court is the alleged error in assessment of damages.

In his claim against the estate of Hazel M. Clark, appellee sets forth the three notes in question. The pertinent parts of such claim are as follows:

"Estate of Hazel M. Clark, Deceased.

"To: John R. Harness Estate
Richard C. Harness, Executor, Dr.

"Note of Hazel M. Clark & John E. Clark
11/2/59—Prin. $9,800.00 Interest 6%
Interest to 12/8/65 $1,764.00                    $11,564.00

"Note of Hazel M. Clark & John E. Clark
5/14/60—Prin. $3,500.00 Interest 6%
Interest to 12/8/65 $1,630.00                       4,130.00

"Note of Hazel M. Clark & John E. Clark
5/23/61—Prin. $5,200.00 Interest 6%
Interest to 12/8/65 $936.00                              6,136.00

"All as per attached exhibits of said notes.

"With interest at 6% per annum from date
until paid

TOTAL DUE 12/8/65        $21,830.00"

The claim shows the following credits endorsed on the backs of said notes:

On the $9,800.00 note:

Interest paid to May 2, 1960, $294.00

Interest November 7, 1960, paid 6 months, 5 days, $298.08

Interest for 6 months 15 days paid to May 22, 1961, $318.50

Interest paid November 3, 1961 to November 22, 1961, $294.00

Interest paid to December 6, 1962

Received $1,181.64 December 8, 1962, for total loan

On the $3,500.00 note:

Interest 5 months 23 days $100.85 credit, November 7, 1960

Interest 6 months 15 days at 6% $113.75 paid May 22, 1961

Interest paid November 3, 1961 $105.00 to November 22, 1961

On the $5,200.00 note:

Interest paid November 3, 1961, to November 22, 1961, $156.00

At the trial of the cause appellant introduced into evidence defendant's Exhibits 1 through 9, the same being checks

signed by Hazel M. Clark and made payable to John R. Harness. Such Exhibits and their respective amounts are as follows:

Exhibit No. 1—$  243.00

Exhibit No. 2—    8.75

Exhibit No. 3—  609.09

Exhibit No. 4—  486.17

Exhibit No. 5—  609.09

Exhibit No. 6— 1,181.64

Exhibit No. 7— 5,800.00

Exhibit No. 8— 1,800.00

Exhibit No. 9— 1,800.00

Appellant contends that with the exception of one check for $1,181.64, which was received, endorsed and noted as a credit on the note dated December 8, 1962, in the amount of $9,800.00, none of the other eight checks were credited by the trial court as payment on the debt sued on by the personal representative of the John R. Harness estate.

Appellee, however, asserts that some of the checks in question were credited as payment on the debt. In support of this assertion, appellee cites the following evidence and the reasonable inferences which can be drawn therefrom.

The check for $8.75 and the two checks each for $609.09, being defendant's Exhibits 2, 3 and 5, respectively, were credited by John Harness, and also by the trial court, as payments. The check for $8.75 has on its face the words "For interest", the latter words apparently being in the handwriting of Hazel M. Clark. The first check in the amount of $609.09, executed November 5, 1961, bears on its face the abbreviated word "Int.", again apparently in the handwriting of the maker of the check. The second check in the same

amount, $609.09, dated May 7, 1962, does not bear the word "interest". However, it is an amount identical to that issued exactly six months before. These two checks were both written immediately after the time when all three of the notes sued upon were in existence. The principal or face amount of all three notes totaled $18,500.00. Six months' interest on $18,500.00 would be $555.00. On the reverse of all three notes, in what is apparently the handwriting of the payee, John Harness, there is noted interest in three sums paid on November 3, 1961, credited to November 22, 1961, in the total amount of $555.00. Thus it appears that the first check in evidence to be made by Hazel M. Clark to John Harness after the third note was executed on May 23, 1961, of $609.09, on November 5, 1961, was credited by Harness to a time exactly six months later on all three notes as interest, in the total sum of $555.00, leaving an overplus in the amount of $54.09 not accounted for, but which, presumably, was applied by him to other indebtedness not represented by the notes in question, owed by her to him. The evidence is conflicting as to the existence of other indebtedness and whether or not certain payments were credited.

It has been held that this court is not permitted to disturb the finding of the trial court on the weight of evidence. In *Sam v. Allie, Administrator* (1943), 114 Ind. App. 156, 158, 51 N. E. 2d 393, it is stated:

"The evidence is conflicting and we have not the right to weigh it. . . . The question of payment is one of fact and not of law. Whether a given transaction, in a controverted case, constitutes a payment is a question for the jury or trial court and the verdict of the jury or the finding of the trial court on this question will not be disturbed on the weight of evidence" (citing cases).

"So in this case the question of whether or not appellant paid appellee was one to be resolved by the trial court after a consideration of all the evidence and reasonable inferences to be drawn from the facts and circumstances disclosed thereby."

Appellant's contention that the amount of recovery is too large is without merit. This court is of the opinion that there was sufficient evidence to justify the award of the trial court.

The judgment of the Boone Superior Court is affirmed.

Cook, P.J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 238 N. E. 2d 31.