JOHN WHALON and JOHN GOWAN, Plaintiffs in Error, *vs.* CYRUS ALDRICH, Defendant in Error.

ERROR TO THE DISTRICT COURT OF HENNEPIN COUNTY.

Where a contract is entered into by which one party agrees to drive certain logs from one point to another, and no time is specified within which they are to be delivered at the point of destination, the contract must be performed within a reasonable time, under all the circumstances attending and influencing the subject matter of the contract.

A Defendant by pleading a counter claim for damages for a breach of a contract which is the subject of the action, admits a claim against him on the part of the Plaintiff, which he avoids by his counter claim, and by so pleading he tenders an issue upon all the equities existing between him and the Plaintiff, arising out of the contract, and must abide by that issue, whether he be benefitted or prejudiced thereby. He cannot, after an examination of such issue, fall back and claim to defeat any recovery against him on the plea of a non-performance of the contract.

Where the Plaintiffs should have delivered the logs in the season of 1857, but did not deliver them all until the next year, and they were received by the Defendant, the measure of damages for the non-delivery at the proper time is, the difference between the market value of the logs when they should have been delivered, and when they were actually delivered at the place of delivery. What it would have cost to have driven them, after the season for driving had passed in 1857, cannot, in any manner, enter into or influence the measure of the damages.

Points and Authorities of Plaintiffs in Error.

I.—The Court below committed error in receiving testimony in regard to the stage of water upon the streams where said logs were situate, without first proving the express contract in their answer.

II.—The Court below committed error in receiving testimony (*see second exception,*) as to the cost of driving that year the logs left after driving season of 1857. *3d Hill,* 333; *14th John.,* 170; *15th do.,* 24; *81st Wend.,* 342; *sec. Sedgwick on Damages,* 3d *Ed., pages* 33 *and* 34.

III.—The verdict is against evidence, and the weight of evidence, and should be reversed.

L. E. THOMPSON, Counsel for Plaintiffs in Error.

SMITH & GILMAN, Counsel for Defendant in Error.

*By the Court.*—FLANDRAU, J.—The decision of this case has been delayed by reason of the time for the filing of the brief

Whalon et al., v. Aldrich.

for the Defendant in Error having been extended.   The counsel for the Defendant in Error complains that the abstract of the return furnished to us by his adversary " does not state. the facts and issues clearly," and asks that we refer to the or- iginal return.   On application to the clerk for the original record, we are informed that it was taken from the files by the counsel for the Defendant in Error, and has been lost. We are, therefore, confined to the abstract in coming to an understanding and decision of the case.

Rule 5 of this Court provides " that after filing, no paper shall be taken from the office, unless by consent of parties, or order of a court or a judge thereof."   We are bound to pre- sume that the record in this case was taken from the files by consent of the parties, as we find no order permitting it.   We. have given instructions to the Clerk in future not to allow any paper to be taken from his office, unless upon the order of the court or one of the judges, and from the filing of this decision Rule 5 will be considered as modified accordingly.

The contract upon which the action is founded in legal ef-. fect imposed upon the Plaintiffs in Error the obligation to de- liver the logs in the lower boom of the St. Croix Boom Com- pany, within a reasonable time, under all the circumstances attending and influencing the subject matter of the contract. The issues presented by the answer are : that the contract was . not performed, alleging that the logs should have been all de- livered in the year 1857, and that the Defendants had suffered damage by reason of such non-performance, in the sum of $3,000. which it would have cost to drive the bal- ance of the logs in 1857, and also in the sum of $5,000 in the depreciation in value of such logs as were not seasonably driven down under the contract.   By a supple- mental answer he also sets up as a further counter claim the conversion of a quantity of the logs by the Plaintiffs since the commencement of the action of the value of $3,628.12.   There was a reply by the Plaintiffs, which the case states admitted the sale by the Plaintiffs of logs to the amount of $1104.11, which they had applied on their demand against the Defend- ant.   It does not appear that the reply directly took issue upon the counter claim for damages set up in the answer, but

the case shows that upon the trial this matter was litigated as if it was at issue, and one of the points made by the Plaintiffs in Error in this Court is the admission of evidence in regard to these damages which was objected to by them. It is claimed here that there can be no error in this behalf, because all the allegations in the answer concerning damages are admitted by not being put in issue by the reply. Not being clearly advised as to this fact by the case, and not having access to the original record, we are compelled to collect the truth as best we can from the material we possess. It is clear that the counsel on the trial considered the question of damages in issue, and litigated it. Under this state of things, it is but fair that the case should be tried here upon the same theory that obtained below. We therefore treat the question of damages as at issue.

It is also contended that the evidence offered by the Defendant, was not to show damages suffered by him in consequence of the non-performance of the contract, but to establish the fact of non-performance. In this he is not sustained by the facts which appear in the case. The witness, Heaton, first testified to the facts which tended to show the non-performance of the contract, and then as to the question of damages; and upon the particular evidence, the admission of which is here claimed to be error, the objection interposed by the Plaintiffs was based upon the ground that it was "not the proper measure of damages," and as against this objection it was admitted.

The Defendant claims that as the issue of non-performance was found against the Plaintiff, he is debarred from a recovery in any event, and the error, if any, committed on the question of the Defendant's damages, must necessarily be immaterial, as the verdict was simply for the Defendant. In this position the counsel is answered by the case of *Mason & Craig vs. Heyward, 3 Minn. R.*, 182, where this Court held that "a Defendant, by pleading a counter-claim for damages for the breach of a contract which is the subject of the action, admits a claim against him on the part of the Plaintiff, which he avoids by his counter-claim, and by so pleading he tenders an issue upon all the equities

existing between him and the Plaintiff, arising out of the contract, and must abide by that issue whether he be benefitted or prejudiced thereby.  He cannot, after an examination of all the equities under such an issue, fall back and claim to defeat any recovery against him, on the plea of non-performance of the contract."

The evidence offered upon the subject of damages is, therefore, material, and if erroneously admitted will vitiate the verdict.

Two exceptions are taken in the case.  The first which goes to the introduction of evidence concerning the stage of water in the streams where the logs were in 1857, is not well taken. This question was very material upon the issue of whether the logs could have been driven down in the season of 1857, which fact was the foundation of the Defendant's claim for damages.

Upon the second exception we think the Court erred to the prejudice of the Plaintiffs.  The measure of damages was the difference between the market value of the logs when they were in fact delivered, and when they should have been delivered under the contract. *Sedgwick on the Measure of Damages*, 359-60.  The Defendant, as the case shows, was entitled to have the logs in the St. Croix Boom, in 1857.  Six or seven hundred thousand feet of them were not so delivered, but were delivered the next year, and received by the Defendant. This acceptance did not cut off any claim the Defendant had for the non-delivery of the logs at the contract time, but enters as an element into the question of what damages he was entitled to recover. *Sedg. on Dam.*, 360; *Story on Bailments*, sec. 582, *a.*  If the logs depreciated in value between 1857 and 1858, such depreciation was chargeable to the Plaintiffs.  The cost of driving was perhaps a proper subject of inquiry in arriving at the value of the logs in the St. Croix Boom; but in this case the question asked the witness was, " What would it have cost to have driven down that year the logs left, after the driving season of 1857 ?" and the answer was $3,500.  We cannot see how this inquiry could be proper in any aspect of the case.  It does not follow that because the Plaintiffs did not drive the logs according to their agreement, the Defend-

ant had the right to charge them with the sum it would have cost to get them down after the driving season was past, and especially as he had not in fact incurred that expense. It might have cost in some cases ten times their value to drive them after the season. The jury must have been misled by this evidence.

The bill of exceptions, as furnished us, contains none of the Defendant's evidence, except the answers to the two questions which were objected to, and leaves us unadvised as to whether any more was offered or received on the subject of damages, or otherwise. Under such circumstances, if the testimony offered and admitted under objection could have been competent in any view of the case, there is no error, but we cannot see how the cost of driving the logs after the season of 1857, they having been subsequently driven and delivered, could properly influence the measure of damages in this case. in any view we may take of it.

The judgment must be reversed and a new trial awarded,