HENRY J. KOEMPEL

*vs.*

JOHN J. SHAW.

The rule of pleading laid down in *Mason & Craig vs. Heyward*, 3 *Minn.*, 186, and *Whalon et al. vs. Aldrich*, 8 *Minn.*, 348, commented on and applied.

This action was commenced in the Court of Common Pleas of Ramsey county. The complaint alleges that the plaintiff at the special instance and request of the defendant performed work and labor for the defendant in painting the Merchants' Hotel in St. Paul, and that the value of such work and labor and materials furnished was $1259.50; that defendant has only paid $786.55, and asks judgment for the balance.

The defendant answered as follows:

*First.* That said defendant expressly and specifically denies each and every allegation, statement, matter and thing, and every part and portion thereof in said complaint contained, as therein stated or otherwise, save as hereinafter stated, admitted or qualified.

*Second.* And further answering herein said defendant doth admit, aver and say, that on or about the 12th day of February, 1867, at St. Paul in said county, said plaintiff and said defendant made and entered into a certain contract, whereby said plaintiff promised and agreed to and with said defendant

Koempel v Shaw.

to and that he would do and perform the work and labor, and furnish and provide all the materials, including lumber for the scaffolding, and everything necessary to be used in and about the painting of, and to paint in a good, plain and workmanlike manner, the ceilings, surfaces and premises in said complaint described, in manner and style as said defendant should desire and direct it to be done, on or before, and to have the same all done and finished to the satisfaction of said defendant, and completed on or before the opening of navigation on the Mississippi River, that is to say, on or before the 18th day of April, 1867, and before the business of the Merchants' Hotel mentioned in said complaint, consequent upon the opening of navigation on said river, should open and commence, and did open and commence, which was on the 18th day of April in the spring of 1867 aforesaid, in consideration of such sum as the same should be reasonably worth, which said defendant then and there promised to allow and pay said plaintiff therefor. And it was by them further agreed then and there that time should be important and essential in said contract; that said plaintiff commenced such work and painting thereon on or about March 1st, 1867, and not before; [but said defendant doth aver and say that said plaintiff did not at any time or place and never yet has done or performed the work or labor, or furnished or provided the said materials, in or about the said painting, or painted in a good, or plain, or workmanlike manner the, or any of the ceilings, or surfaces, or premises aforesaid, or in any manner or style as said defendant did desire and direct said plaintiff to do then or there, and that said defendant often requested said plaintiff then and there to do and perform the same and his said contract and the terms thereof on his part to be done and performed as aforesaid, but said plaintiff neglected and wholly refused to do or perform the same, and never yet has

done or performed the same, although navigation on the said river and the said business of said hotel consequent thereon, did open and commence on or about April 18th, 1867; that said plaintiff did work on said premises down to about May 18th, 1867, a portion of the time after he commenced, but his work and the labor done thereon were not well done but were very poorly done, and in an unworkmanlike manner, and such pretended painting was a miserable daub as said plaintiff well knows, and not to the satisfaction of said defendant at all; and said defendant denies that the same, and the work and labor, or the painting and materials, all or any of the same aforesaid or in said complaint mentioned, was at any time or place worth or of the value or amounted to the same or any sum stated in said complaint or any such sum or any greater sum than seven hundred dollars in all, at the farthest; and said defendant denies that he ever promised to pay said plaintiff any sum whatever therefor or for any of the same as stated in said complaint or otherwise, save as above stated.]

*Third.* And said defendant avers and says that he did advance and pay to said plaintiff while he was pretending to work on said premises, and fully relying upon said plaintiff's promises and undertaking aforesaid and upon his performing the same, and without knowing how badly said plaintiff was doing said work and painting, and in ignorance of the facts herein stated, the sum of $725 in money therefor, and in stock of Vawter, Rose & Etter, mentioned in said complaint, the sum of $111.55, and in an order on Washburne for lumber $15.00, making in all $851.55 paid therefor to said plaintiff by said defendant, in ignorance of the facts aforesaid, being the sum of $151.55 overpaid therefor through mistake and ignorance of such facts.

*Fourth.* And said defendant avers and says that said plain-

tiff worked a little on said premises down to May 18th, 1867, and then quit and left the same in an unfinished condition, and said defendant was compelled to procure and did procure such work to be finished by others, and was thereby compelled to, and did pay out in and about finishing the said work the sum of $125, in which said sum said defendant has sustained damages and been damaged by said plaintiff, by reason of his failure to fulfill or perform his contract as aforesaid.

*Fifth.* And said defendant avers and says that he was damaged and sustained damage in the sum of more than $200, by reason of the failure of said plaintiff to perform his said contract by the time agreed on as aforesaid, in his business in said hotel, and in being annoyed and inconvenienced by said plaintiff after such time in and about the same, which said three sums last above mentioned said defendant sets up in this action as a counter claim and by way of recoupment, and asks to have allowed in his favor in this cause, amounting in all to the sum of $480.51.

The said defendant therefore denies that said plaintiff is entitled to the relief prayed in his complaint in this cause, or any relief whatever therein, and denies that he is indebted to said plaintiff in any sum or for any cause.

Wherefore said defendant demands judgment against said plaintiff herein, that said plaintiff take nothing by this action, and for the sum of four hundred and eighty 51-100 dollars and interest thereon from April, 1867, damages against said plaintiff, and such other relief herein as shall be just, besides the costs and disbursements of this action.

The plaintiff made a motion to strike out that portion of the answer contained in brackets, "because it is not set forth and pleaded as required by statute, and it is impossible to know what is intended. Allegations and denials are inter-

mingled, and the matters therein stated are redundant and irrelevant." The Court granted the motion, and the defendant appeals from the order granting the same to this Court.

LAMPREYS for Appellant.

L. E. THOMPSON for Respondent.

*By the Court*—BERRY, J.—This is an appeal from an order striking out a portion of the defendant's answer. We are of opinion that the Court below erred in its application of the views expressed in *Mason and Craig vs. Heyward*, 3 *Minn.*, 186, and in *Whalon et al. vs. Aldrich*, 8 *Minn.*, 348.

It is said in those cases that "a defendant by pleading a counter claim for damages for the breach of a contract which is the subject of the action, admits a claim against him on the part of the plaintiff which he avoids by his counter claim, and by so pleading he tenders an issue upon all the equities existing between him and the plaintiff arising out of the contract, and must abide by that issue whether he be benefited or prejudiced thereby. He cannot after an examination of all the equities under such an issue fall back and claim to defeat any recovery against him on the plea of non-performance of the contract." Whether the Court in the cases cited expressed its views with the utmost accuracy or not we need not consider. But in the case at bar while the answer is certainly not to be commended for neatness or precision, we think the portion stricken out should have been allowed to remain in the answer, according to the rule laid down in the cases referred to. The only question before us is whether the order striking out was right. Putting a liberal construction upon the answer in this case, we think it does not evince an intention on the part of the pleader to rely upon the non perform-

ance of the special contract set up as a bar to the plaintiff's recovery, and at the same time claim damages arising from its breach without adjusting all the equities between the parties. On the contrary, while it was necessary to set up the special contract in order that breaches of the same might be assigned and damages claimed therefor, the answer on its face proposes to adjust all the equities between the parties by allowing the plaintiff the value of his work and materials (though performed and furnished under a special contract which has not been completed,) and by claiming damages for its breaches, and the repayment of money ignorantly overpaid by the defendant while the work was in progress.

Order reversed.