## HOPKINS v. TOWN OF ELMORE.

*Towns. Neglect of Constable. Abatement. Gen. Sts. c.* 15, *s.* 30.

In case against a town under s. 30, c. 15, of the Gen. Sts., for neglect of its constable, the declaration alleged that plaintiff sued out a writ of attachment against B., and placed it in the hands of the constable to be served; that by virtue thereof the constable attached B's property, and by consent of B. and plaintiff, sold it as such constable, and received the money therefor; that B. and plaintiff afterwards agreed upon the amount due plaintiff, and thereof informed the constable, who then, as such constable, promised to pay plaintiff the sum so agreed upon, but, though requested, neglected and refused so to do. *Held*, on demurrer, that the town was not liable.

Hopkins *v.* Town of Elmore.

The case having been tried before the justice upon the general issue only, the defendant, upon appeal, filed a plea in abatement. *Held,* out of time.

*Semble* that a writ will not abate for being issued against the inhabitants of a town, instead of against the town by its corporate name.

CASE under s. 30, c. 15, of the Gen. Sts., for neglect of defendant's constable, appealed to the County Court. The case was tried before the justice upon the general issue, no other plea having been at that time pleaded. On the first day of the term, the defendant pleaded in abatement that the plaintiff had summoned, not the town of Elmore, but the inhabitants thereof. The court, at the June Term, 1876, Caledonia County, Ross, J., presiding, overruled the plea; to which the defendant excepted. The defendant thereupon demurred generally to the declaration, and the court, *pro forma,* sustained the demurrer, and adjudged the declaration insufficient; to which the plaintiff excepted.

The declaration was as follows:

For that on, &c., at, &c., the plaintiff, who was then residing and living at, &c., sued out a justice writ of attachment, which was then and there duly signed by a justice of the peace within and for, &c., in which one H. J. Barnes, then residing and living in, &c., was summoned to appear on a certain day and at a certain place in, &c., to answer to this plaintiff, in a plea of general assumpsit, as by the records of said justice will more fully appear; and plaintiff avers that on, &c., at, &c., he handed said writ to one R. H. Clark, who was then and there the legally elected constable of said town of Elmore, duly qualified to act as such, to serve and return; that said Clark, constable as aforesaid, took and accepted said writ, and thereafterwards, to wit, on, &c., at, &c., attached by virtue thereof, as the property of said Barnes, four cows and two two-year-old heifers, of great value, to wit, $200; that afterwards, to wit, on, &c., by the written consent of said plaintiff and said Barnes, the said Clark, constable as aforesaid, by virtue of the writ aforesaid, sold upon said writ as such constable, said cows and heifers, at public auction, at and for a certain sum, to wit, $150, which said sum was afterwards, to wit, on the day and year aforesaid, paid to said Clark, constable as aforesaid, and by him received as such constable; that afterwards, on, &c., the plaintiff and said Barnes agreed upon the amount due the plaintiff for damages and costs, to wit, $125; that thereupon said Clark, constable as aforesaid, was informed of said agreement, and agreed, as such constable, to pay over the said sum of

23

$125 so due the plaintiff upon and by virtue of said writ of attachment and agreement aforesaid, upon demand; and although said sum was afterwards, to wit, on, &c., demanded of the said Clark, constable as aforesaid, yet the said Clark neglected and refused, and still neglects and refuses, to pay over the same; whereby, &c.

*Elisha May*, for the plaintiff, cited *State* v. *Meader*, 47 Vt. 78; *Adams* v. *Lane & Tr.* 38 Vt. 640; Gen. Sts. c. 15, s. 30; 2 Hilliard Torts, 230; *Knowlton* v. *Bartlett*, 1 Pick. 270; *Bradley* v. *Chamberlain*, 31 Vt. 468; *Barron* v. *Pettees*, 18 Vt. 385.

*P. K. Gleed*, for the defendant, cited Gen. Sts. c. 85, s. 3; Steph. Pl. 47; *Hammond* v. *Root*, 15 Gray, 516; *Perkins* v. *Pitman*, 34 N. H. 261; *Stevens* v. *Colby*, 46 N. H. 163; *Willard* v. *Goodrich*, 31 Vt. 597; *Thayer* v. *Boston*, 19 Pick. 511; *Moulton* v. *Norton*, 5 Barb. 286.

The opinion of the court was delivered by

WHEELER, J. The plea in abatement, whether good or bad as such a plea, or as a motion to dismiss, was clearly out of time, and was properly overruled. And it may well be questioned whether this writ was not properly brought in the respect aimed at by the plea, notwithstanding the usual practice in this state to sue towns, and sue for them, by the name of the towns only, instead of in the name of the inhabitants of the towns, as was done in this case. In England, the practice from the early times was, to describe those inhabitants liable to be called on to respond to the judgment in suits against counties, boroughs, and hundreds, and such communities. In 1 Lill. Ent. 294, there is a precedent given, which is *Croxall et als.* v. *The Inhabitants of the Hundred of Hemlingford.* In 2 Saund. 374, is *Pinkney* v. *The Inhabitants of East Hundred in the County of Rutland.* The leading case in which it was held that at common law an action would not lie against a county for an injury in consequence of the county's bridge being out of repair, was *Russell et als.* v. *The Men Dwelling in the County of Devon*, 2 T. R. 667. The statute of Massachusetts on this subject is, " Towns may, in their corporate capacity, sue and be sued

by the name of the town." Gen. Sts. Mass. 158, s. 8. A leading case there, in which it was held that towns, at common law, were not liable for injuries on account of the want of repair of their highways, was *Mower* v. *The Inhabitants of Leicester*, 9 Mass. 247. This mode of declaring was so uniformly followed in that state, that when suit was brought in the name of the *City of Lowell* v. *Morse et als.* 1 Met. 473, it was objected that the suit was not properly brought in that way, but should have been brought in the name of the inhabitants of the city of Lowell. In that case, while the court held the suit to be well enough brought, the general practice there of declaring for or against the inhabitants of towns was expressly admitted to be correct. The statute of this state provides, Gen. Sts. c. 85, s. 3, that the inhabitants of towns shall be a body corporate, and may sue and be sued by their corporate name; and — section 7 — that when judgment shall be rendered, execution shall issue against the goods and chattels of the inhabitants. Generally, writs should issue against those liable to respond to the judgment, and the execution should follow the writ; and no good reason is apparent why writs in these cases should not run according to the general rule in both of these respects. And such has been the practice in some cases before this one, in this state. *Burton* v. *The Inhabitants of Norwich*, 34 Vt. 345.

II. The statute, Gen. Sts c. 15, s. 30, provides that towns " shall be liable to make good all damages which shall accrue to any person by reason of the neglect or default " of their constables. This means official, and not individual, default or neglect. In this case, the defendant's constable had the money received for property sold on the writ in favor of the plaintiff against Barnes, in his hands in his official capacity. His official duty was to hold the money till that suit should be terminated, and then, if the plaintiff got judgment and charged it in execution, to apply it on the execution, and if the plaintiff failed in either, to pay it over to Barnes. Gen. Sts. c. 33, ss. 39, 94. The plaintiff did fail to get judgment, whereupon it became the official duty of the constable to pay the money to Barnes. Barnes directed him to

pay the money to the plaintiff, but that alone would merely give him authority, without making it either his official or private duty to do so. He assented to the direction, and agreed to pay it to the plaintiff, which made it his private but not his official duty to pay it. When he failed to pay it to the plaintiff, there was a breach of his personal agreement. When he failed to pay it to Barnes himself, and to the plaintiff according to Barnes's direction, there was a breach of his official duty to Barnes, but none of any official duty to the plaintiff. *Mansfield v. Sumner*, 6 Met. 94. Upon all the facts, a cause of action in favor of Barnes against the defendant probably accrued; but that was not assignable by Barnes to the plaintiff, even with the consent of the constable, so as to give the plaintiff a right of action in his own name.

Judgment affirmed. •