WILLIAM J. McCUBREY v. JOHN LANKIS.

November 25, 1898.

Nos. 11,387—(223).

General Appearance—Waiver of Jurisdiction—Attachment.

An appeal from justice court to the municipal court of St. Paul upon questions of both law and fact constitutes a general appearance in the action, which amounts to a waiver of any previous want of jurisdiction of the person, and a consent that the action may be tried on its merits.

Appeal by defendant from an order of the municipal court of St. Paul, Orr, J., denying a motion to set aside the return of a constable and a judgment rendered by a justice of the peace.   Affirmed.

*Geo. H. Benton,* for appellant.

Jurisdiction over the subject-matter can be acquired only in the manner pointed out by law.   The filing of an oral or written complaint before the justice, duly verified on the return day of the summons, is an imperative prerequisite to give jurisdiction to the justice court over the subject-matter of the action or to the municipal court on appeal.   The order of the municipal court permitting respondent to serve and file a complaint, and requiring appellant to serve an answer, are arbitrary acts of judicial usurpation of legislative authority.   G. S. 1894, § 4977; Mattice v. Litcherding, 14 Minn. 110 (142); Holgate v. Broome, 8 Minn. 209 (243); Barnes v. Holton, 14 Minn. 275 (357); Burt v. Bailey, 21 Minn. 403; McGinty v. Warner, 17 Minn. 23 (41); Rahilly v. Lane, 15 Minn. 300 (447).

*E. S. Thompson,* for respondent.

Whether a justice had authority to enter a judgment upon written stipulations of the parties cannot be inquired into by the

reviewing court, except by an appeal upon questions of law alone. Lee v. Parrett, 25 Minn. 128; Wrolson v. Anderson, 53 Minn. 508; Welter v. Nokker, 38 Minn. 376; Bingham v. Stewart, 14 Minn. 153 (214); Seurer v. Horst, 31 Minn. 479. In case of appeal from justice court upon law and fact, the trial proceeds de novo as if the action had been originally brought in the district court. McOmber v. Balow, 40 Minn. 388. See also Dikeman v. Struck, 76 Wis. 332; Dressler v. Davis, 12 Wis. 65; Palmer v. Wylie, 19 Johns. 275; Jackson v. Covert, 5 Wend. 139; Barth v. Horejs, 45 Minn. 184.

BUCK, J.

This case originated in justice court by the filing of an affidavit for a writ of attachment, wherein it was alleged that the defendant so concealed himself that the summons in the action could not be served upon him. A writ of attachment was issued accordingly, and the constable to whom it was delivered levied upon $25 forcibly taken by him from the cash-register drawer of the defendant during his absence; and on the same day his clerk and manager was induced to sign a stipulation that judgment might be entered forthwith against the defendant for $20, exclusive of costs, which judgment was accordingly entered by the justice, with $5 costs, on August 1, 1898. Thereupon the constable paid over to the plaintiff's attorney $20 of said money, and he applied the balance of $5 in payment of the costs.

When these proceedings came to the knowledge of the defendant, he appealed from said judgment, on August 6, 1898, to the municipal court of the city of St. Paul, upon questions of law and fact, with notice that he would move said court to have the judgment set aside, and for an order upon plaintiff to return said sum of $25 to defendant, by reason of a wrongful abuse of the process of attachment. This was done accordingly by the defendant, but the motion was denied by the municipal court, although it gave plaintiff leave to file a complaint within 10 days, and to the defendant leave to file an answer within 10 days after the service of such complaint, with the usual time for a reply. No pleadings of any kind appear in the record. It is from this order that the defendant brings this appeal.

We are of the opinion that the records quite conclusively show that the affidavit for writ of attachment, based upon the alleged fact that the defendant so concealed himself that the summons could not be served upon him, was untrue in fact. This affidavit was dated August 1, 1898, and the constable who served the writ returned that he served it the same day upon the defendant at his place of business in St. Paul. Not only did defendant have a place of business there, but also one in Minneapolis, where he resided, in each of which places he had done business as a merchant for a long time prior to the issuing of the writ.

Even conceding that the language of the statute inserted in the writ was sufficient to justify its issue, if true, yet it was false in fact; and there are no facts shown by any proof, outside the affidavit, that it was true, but ample proof that the affidavit was untrue. This proof required that the municipal court should have dismissed the action, upon appellant's motion, unless the fact that the appeal was taken upon questions of law and fact authorized the trial of the cause as though it was originally commenced in said court.

It is the contention of the respondent's counsel that whether the judgment of the justice was valid or not is immaterial, as the questions raised by the appellant could not be determined by the municipal court, save by an appeal upon questions of law alone.

The municipal court of the city of St. Paul, by virtue of Sp. Laws 1889, c. 351, § 28, has the same powers on appeal from justices of the peace as are possessed by the district court; and all laws applicable to the district court are made applicable to said justice court. By G. S. 1894, § 5071, where an appeal is taken from a court of the justice of the peace to the district court upon questions of both law and fact, the action shall be tried in the same manner as actions originally commenced in the district court.

Some of the earlier cases support the contention of the appellant's counsel that, the judgment of the justice being void, the title of respondent to the appellant's property failed absolutely, and, the justice court having no jurisdiction over the subject-matter, the district court acquired none, and this question may be raised at any time. Later decisions substantially overrule these earlier

cases, and hold that, where a party appeals upon questions of both law and fact, he waives the right to object that the appellate court has no jurisdiction of the person.

If the appeal herein had been taken upon a question of law alone, then the question of jurisdiction could have been squarely raised in the appellate court, and the trouble and expense of preparing the cause for trial could have been avoided. But the appellant invoked the aid of the appellate court not merely upon the law, but upon the facts; in other words, upon the merits of the entire case. In this class of cases we must keep in mind the distinction between a want of jurisdiction over the subject-matter and that over the person.

If in most, perhaps in all, cases, want of jurisdiction over the subject-matter cannot be waived, yet in cases of this kind jurisdiction over the person may be waived by a general appearance. In such case the appellant is granted the precise relief which he asks for in his appeal, and he ought not to be permitted to repudiate the grounds upon which it is based. He elected as to which course he would pursue, and sought a retrial upon questions of both law and fact, and by that election he is concluded.

Order affirmed.