SHORTER *v.* STATE OF INDIANA.

[No. 13,684. Filed May 8, 1929.]

*Shipley & Johnson* and *R. V. Tozer*, for appellant.
*James M. Ogden*, Attorney-General, and *E. Burke Walker*, Deputy Attorney-General, for the State.

REMY, J.—Appellant was convicted of the offense of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor, in violation of the act of March 10, 1927 (Acts 1927 p. 562) which provides that any person operating a motor vehicle on a public highway of the state while under the influence of intoxicating liquor shall be guilty of a misdemeanor punishable by. fine, to which may be added imprisonment in jail or state farm, and, for a second or subsequent offense, shall be deemed guilty of a felony punishable by imprisonment for a term of not less than one year nor more than five.

It is provided by §1 of the act of March 8, 1927 (Acts 1927 p. 287): "That no peace officer shall have any authority to arrest any person for any violation of any of the laws of this state regulating the use and operation of motor vehicles on the public highways of the state, or any of the ordinances of any city or town thereof, regulating the use and operation of motor vehicles on the public highways of this state, unless, at the time of such arrest, such officer is wearing a distinctive uniform and a badge of authority which will clearly show him to casual observation to be an officer. The provisions of this section shall not be construed to apply to any officer making any such arrest when there is a uniformed officer

present at the time of making such arrest."

The record shows that the affidavit charging the offense , was first filed in the city court of the city of Brazil; that appellant appeared in the city court with counsel, and, on arraignment, pleaded not guilty; that the cause was continued, and later a trial before the mayor resulted in a conviction, from which an appeal was taken to the circuit court, where appellant, without first having withdrawn his plea of not guilty, filed a plea in abatement, setting up that, in violation of the act of March 8, 1927, *supra*, the officer purporting to make the arrest of appellant was not, at the time, wearing a distinctive uniform and badge of authority, was not a sheriff or deputy sheriff, and that no uniformed officer was present; to the plea in abatement, the State demurred on the ground that the plea came too late, having been filed after plea of not guilty and trial and conviction in the city court; the demurrer was sustained. The record further shows that, on the trial in the circuit court, the evidence consisted of the testimony of the city marshal who made the arrest and the patrolman who was present. Appellant offered no testimony, and made no defense on the merits. The marshal testified that on September 6, 1927, he observed appellant operating an automobile on one of the streets of the city of Brazil; that he observed and talked to appellant, and that he was, at the time, under the influence of intoxicating liquor—"was intoxicated"; that he then and there made the arrest. On cross-examination, the marshal testified that, when he made the arrest, he was not in uniform and wore no badge. The testimony of the marshal was in all things corroborated by the patrolman.

On appeal, appellant assigns as error: (1) Action of the court in sustaining demurrer to the plea in abatement; and (2) overruling motion for new trial.

It is urged by appellant that because the city marshal

who made the arrest was not at the time in uniform, the court erred in sustaining demurrer to the plea in abatement setting up that fact. This contention is without merit. Appellant with his attorney appeared in the city court, where, without questioning the court's jurisdiction, he was tried after he had entered a plea of not guilty. It is fundamental that a plea in abatement must precede a plea in bar; and the settled rule in this state, supported by the weight of authority, is that after an appeal to the circuit court from a decision of a justice of the peace or mayor of a city against a defendant who had entered appearance and pleaded in bar, it is too late to file a plea in abatement, unless the plea to the merits shall, by leave of court, have first been withdrawn. *Collins* v. *Nichols* (1856), 7 Ind. 447; *Davis* v. *Brinker* (1875), 50 Ind. 25. To the same effect, see *McConnell* v. *Worns* (1893), 102 Ala. 587, 14 So. 849; *Hinckley* v. *Smith* (1835), 4 Watts (Pa.) 433; *Adams* v. *Johnson* (1904), 120 Ga. 530, 48 S. E. 128; *Hopkins* v. *Elmore* (1876), 49 Vt. 176.

On the trial, appellant objected to the testimony of the city marshal and the patrolman as to matters observed by them after the arrest was made, and while appellant was in their custody, it being the contention that the arrest having been made by an officer not in uniform, in violation of the statute, the facts learned as a result of the arrest were incompetent evidence against appellant. It is a well-recognized general rule that evidence which is otherwise competent is not rendered inadmissible by reason of the means by which it was obtained. *Adams* v. *New York* (1903), 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575; *Segurola* v. *United States* (1927), 275 U. S. 106, 48 Sup. Ct. 77, 72 L. Ed. 186. To this general rule, there is recognized, in some jurisdictions, including Indiana, an exception in the case of evidence procured by an illegal search warrant. *State*

v. *Wallace* (1927), 199 Ind. 317, 157 N. E. 657, and cases there cited. But even in those jurisdictions in which the courts recognize the exception, the inhibition is against using the evidence on account of the method of procuring it, rather than against the evidence itself, and the exception is made to apply only in those instances where, to receive the evidence would constitute a violation of the constitutional guaranties against unreasonable search and seizure and compelling a party to be a witness against himself. In the case at bar, there is no claim that there was an unlawful search. No evidence was introduced which would have been the result of a search, valid or invalid, nor was appellant forced to produce any evidence against himself. The arrest was in violation of a statute, and not in violation of a right guaranteed by the Constitution. The evidence falls within the general rule stated in the Adams case, *supra*, and not within the exceptions to that rule, and was properly admitted.

Objection is made to one of the instructions given by the court. It is not contended that the instruction is an incorrect statement of the law; the objection is that it is irrelevant. Even so, it does not follow that appellant was prejudiced thereby. It is only where an instruction not relevant is harmful that it will constitute reversible error. *Hays* v. *Hays* (1911), 49 Ind. App. 298, 97 N. E. 198. Appellant offered no evidence, and made no defense on the merits; and the uncontradicted evidence establishes his guilt. The court correctly instructed the jury as to all matters connected with the technical defense presented. It is clear that the rights of appellant could not have been prejudiced by the giving of the instruction. See *Chowning* v. *State* (1929), *post* 421, 165 N. E. 557.

Affirmed.