## MINNEAPOLIS SAVINGS & LOAN ASSOCIATION v. EUGENE C. (ALSO KNOWN AS EUGENE O.) KING.[1]

December 11, 1936.

No. 30,955.

*Thomas J. Nash,* for appellant.
*Worth K. Rice,* for respondent.

JULIUS J. OLSON, JUSTICE. ·

Defendant appeals from a judgment awarding plaintiff restitution of certain premises in St. Paul, the proceedings had being pursuant to and in conformity with 2 Mason Minn. St. 1927, § 9149, *et seq.*

[1]Reported in 270 N. W. 148.

In June, 1933, plaintiff became the purchaser at a mortgage foreclosure sale of the involved premises. Within the statutory year for redemption, defendant, owner of the equity of redemption and the mortgagor in the foreclosed instrument, applied for and was granted an extension of time within which to redeem. Later, and prior to May 1, 1935, he further applied for and was granted an additional extension of time. These extensions were secured and had pursuant to the mortgage moratorium acts of 1933 and 1935. The later order required defendant to pay to plaintiff $30 per month, the first payment to be made June 1, 1935. Defendant wholly failed to meet the requirements of that order. Pursuant to the moratorium act, plaintiff proceeded to secure from the court an order determining such default and terminating the moratorium, with the object in view of securing possession of the foreclosed . premises. On September 7, 1935, the court found the claimed defaults to exist and entered its order to that effect. This order was duly served upon the attorney who had appeared for defendant in these proceedings. The attorney promptly notified defendant and forwarded the notice to him. That order has never been attacked, and its validity is not questioned. Defendant refused to surrender possession. In December plaintiff proceeded with the present action to recover possession. Defendant was elusive, and personal service, although attempted, did not succeed. Accordingly, plaintiff proceeded by published summons pursuant to the provisions of 2 Mason Minn. St. 1927, § 9152. On the return day and at the appointed hour, December 24, the parties in open court agreed to an adjournment until a later hour that day. Then for the first time defendant raised the issue of lack of jurisdiction and filed several affidavits indicating that he was in fact a resident of the premises involved in the proceedings. It is sufficient for our purpose to say that there was a sharp conflict in the claims made and in the proofs submitted respecting this issue.

The justice overruled defendant's special appearance, whereupon defendant pleaded "not guilty." The matter was then adjourned until the 27th. On the adjourned date defendant filed an affidavit of prejudice. The justice thereupon transferred the cause to an-

other justice to be heard December 31. When the new justice came into the case and on the date set for the trial, defendant asked to be relieved of his plea of not guilty and to enter another special appearance upon the same grounds as theretofore had been urged before the former justice. This motion was denied. The case was thereafter tried and judgment of restitution entered. Thereupon defendant appealed to the municipal court upon questions of both law and fact, and there the case was heard *de novo*. There also defendant sought to renew the jurisdictional question. The court held against him and on the merits found for plaintiff. This is the judgment from which the present appeal was taken.

Two questions are involved: (1) Whether the court had jurisdiction of defendant, and (2) whether the court should have certified the case to the district court on the ground that title to real estate was involved.

■ We need not consider the question of the sufficiency of the published and posted notice. It may not be amiss, however, to remark that at best the issue presented was one of fact. But we are satisfied that defendant waived any defect in the service by reason of the many acts hereinbefore set forth, and more particularly because in his appeal from the justice court to the municipal court he based the same upon both questions of "law and fact." That particular question came before this court in McCubrey v. Lankis, 74 Minn. 302, 77 N. W. 144. The syllabus paragraph, fully sustained by the decision, reads:

"An appeal from justice court to the municipal court of St. Paul upon questions of both law and fact constitutes a general appearance in the action, which amounts to a waiver of any previous want of jurisdiction of the person, and a consent that the action may be tried on its merits."

And that appears to be the general rule elsewhere. In 3 Am. Jur., Appearances, §§ 25, 26, pp. 797, 798, it is said:

§ 25. "It is a well-settled rule that though the defendant appeared specially in the trial court for the purpose of questioning the jurisdiction of the court over his person because of the failure

of, or defect in, the service of summons, still, if he appeals from the judgment rendered against him to a court where a trial de novo upon the law and facts must be had, his appeal is regarded as a general appearance and constitutes a waiver of the failure of, or defect in, the service of summons, in so far as the jurisdiction of the appellate court over the person of the defendant is concerned. By thus submitting himself to the jurisdiction of the appellate court, the defendant cannot take advantage of any irregularity in the service of the original process. The appearance of the parties and the trial of the cause de novo before a reviewing court which has jurisdiction of the subject-matter waive defects in an appeal from a lower tribunal."

§ 26. "An appeal by a defendant, from the judgment rendered against him by a justice of the peace, to a court where the trial must be de novo, is usually considered a general appearance and a waiver of all defects in the summons and the service thereof. The defendant cannot thereafter question the appellate court's jurisdiction over his person."   .

As to what constitutes a general appearance, see also 1 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 479; and as to the general effect thereof, *Id.,* § 476.

■ We do not find in the record any evidence that the issue of title to real estate was in any way raised or involved. It is not sufficient that such claim is made in respect of title; there must be some evidence raising that issue. One of our late cases bearing upon this subject is Mercantile State Bank v. Vogt, 178 Minn. 282, 226 N. W. 847, where the second syllabus paragraph reads:

"If such action [forcible entry and unlawful detainer] in that court is removable to the district court on the ground that title to real estate is involved, such removal is authorized only when the title comes in issue on the evidence, and the fact that the answer may present such an issue is not sufficient."

■ What we have said disposes of the issues. On the merits, we are convinced that the judgment was right, and it is accordingly affirmed.

Affirmed.