ELIZABETH SCHUTT v. GEORGE L. BROWN AND OTHERS.[1]

October 22, 1937.

No. 31,401.

*C. E. Maxwell,* for appellants.
*Shearer, Byard & Trogner,* for respondent.

PETERSON, JUSTICE.

An action in unlawful detainer was commenced in justice court by the filing of a complaint signed and acknowledged before a notary by one Ernest G. Hoefflin as "the agent and attorney" of the plaintiff. Hoefflin is not a licensed attorney. After the complaint was filed, the justice of the peace issued summons to defendants, who took a change of venue. Thereafter all the parties ap-

[1] Reported in 275 N. W. 413.

peared with counsel before the justice, who tried the case and gave judgment of restitution of the premises in favor of plaintiff. No objection was made before the justice that the complaint was signed, verified, and filed by Hoefflin as the agent and attorney of plaintiff. Defendants appealed to the district court upon questions of law and fact from the judgment rendered by the justice. The case was tried in district court upon the written pleadings theretofore filed in justice court. The district court affirmed the judgment of the justice court and ordered restitution in favor of plaintiff. Thereafter defendants moved to vacate the judgment rendered in the district court and to dismiss the action. The motion was denied, and defendants appeal.

Defendants contend that all the proceedings are void because the complaint in justice court was not filed by plaintiff, "the person complaining," as required by 2 Mason Minn. St. 1927, § 9151, but by Hoefflin, a layman, who had no right to represent plaintiff in that court or invoke its jurisdiction. Their contention is that all proceedings in an action had upon a complaint signed and filed by a person who is neither a party nor admitted to the practice of law are void; that a judgment rendered in such action will be vacated and the action dismissed upon motion, citing 6 C. J. p. 570, § 13b; Robb v. Smith, 4 Ill. 46; Heiskell v. Mozie, 65 App. D. C. 255, 82 F. (2d) 861; Newburger v. Campbell, 9 Daly (N. Y.) 102; Unger v. Landlords' Management Corp. 114 N. J. Eq. 68, 168 A. 229, and other cases. It is not necessary to decide whether the rule is as claimed or whether it is applicable to this case. If there is merit in the contention, it has been waived by the appeal upon questions of law and fact to the district court. 2 Mason Minn. St. 1927, § 9096, provides that upon an appeal from justice court to district court upon questions of law and fact "the action shall be tried in the district court in the same manner as though originally commenced therein." By the appeal on questions of both law and fact, defendants obtained a trial *de novo* in the district court. While the trial in district court was on appeal, it was not an exercise of ordinary appellate jurisdiction merely for the correction of errors in the justice court. It was an entire retrial of the action upon the

merits, without regard to the trial in the justice court and any errors and irregularities therein. In the language of the statute, the retrial was "in the same manner" as though the action had originally been commenced in district court. Such an appeal constitutes a general appearance and consent to the trial of the action in the district court upon the merits. The justice court had jurisdiction of the subject matter. The only question was as to jurisdiction of defendants. Irregularities in the commencement of legal proceedings which go to the jurisdiction of the person may be waived. McCubrey v. Lankis, 74 Minn. 302, 305, 77 N. W. 144. This is such a case. By invoking the jurisdiction of the district court for trial upon the merits, defendants conferred upon that court complete jurisdiction and waived objections to the regularity of the proceedings in the justice court. Seurer v. Horst, 31 Minn. 479, 18 N. W. 283; Welter v. Nokken, 38 Minn. 376, 37 N. W. 947; McCubrey v. Lankis, 74 Minn. 302, 77 N. W. 144; Minneapolis Sav. & Loan Assn. v. King, 198 Minn. 420, 270 N. W. 148; 4 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 5331. It is not necessary to discuss the other questions presented.

The order is affirmed.