## Harmer, indiv., etc., v. De Franco

*William Huganir,* for plaintiff.

*Smillie, Bean & Scirica,* for defendant.

DANNEHOWER, J., February 25, 1954.—This action in assumpsit arises from a recognizance signed by defendant in the amount of $5,000 and given as security for compliance with an order of court entered by the Court of Quarter Sessions of Montgomery County in 1932 for the support of defendant's daughter. No payment was ever made by defendant on this support order. As of June 14, 1946, at which time the daughter became self-supporting, the arrearage under the order amounted to $3,360. Defendant's divorced wife, who was the relator in the nonsupport action, assigned all her right, title and interest in the recognizance to the daughter who then brought this action in her own name as plaintiff.

The complaint bases plaintiff's claim to recovery either on the theory that she is a third-party beneficiary or by reason of the assignment. To this complaint defendant filed preliminary objections in the nature of a demurrer and a motion to strike off the complaint.

We think that it is immediately apparent that no right of action accrues to plaintiff under third-party beneficiary law. The A. L. I. Restatement of the Law of Contracts recognizes the rights of only two classes of third-party beneficiaries, donee and creditor beneficiaries. Plaintiff is neither of these. Incidental beneficiaries, into which class plaintiff must fall, acquire no rights against the promisor or the promisee by virtue of the promise relied on: A. L. I. Restatement of The Law of Contract, §147.

Thus, plaintiff's right to recovery in this case must rest upon the effectiveness of the assignment of her mother's rights under the recognizance executed by defendant.

The right of the divorced wife of defendant to bring an action in assumpsit on the recognizance here in question seems settled in the case of Snyder v. Snyder, 1 Pa. Superior Ct. 286, where the court said:

"The supplemental affidavit alleges, in substance, that the defendants do not owe Dora Snyder on the bond, because it was not given to her, and has not been assigned to her by the Commonwealth, . . . because not authorized by 'any of its proper officers'.

"The mode of proceeding on bonds given to the commonwealth by public officers, and persons executing private trusts by legal appointment, is directed by statute. The action is to be brought in the name of the commonwealth to the use of the persons interested, and at their instance. No assignment or authorization by any officer of the commonwealth is required. Though the bond in this case does not in strictness belong to that class of obligations, the analogy between them is such that, in the absence of other statutory direction, a similar proceeding for its enforcement may be sustained. Otherwise, the bond must fail of its own purpose, for no officer of the commonwealth has authority to assign it or direct suit on it. Moreover, the use plaintiff is not required to prove his interest; it is enough that the legal plaintiff has a right of action: Irish v. Johnston, 11 Pa. 483; Crawford v. Stewart, 38 Pa. 34; Berks County v. Levan, 86 Pa. 360. Under the terms of the bond in this case, a right of action in the name of the commonwealth arose from a breach of its condition. Nothing further is required."

It thus is apparent that plaintiff's mother had a right of action in assumpsit upon the recognizance executed by plaintiff's father. The question now arises as to whether such a chose in action is capable of assignment. This court could find no decided cases in Pennsylvania bearing upon this point. We there-

fore shall adopt the majority American law with regard to the assignability of such choses in action as that law is set forth in 4 Am. Jur. 249:

"The rule of the early common law that a mere chose in action could not be assigned has been substantially modified, both by judicial decision and by statutory enactments, so that today in nearly all jurisdictions a right of action arising out of the breach of a contract is assignable, as well as causes of action based on . . . bonds. . . ."

There have been decisions in other jurisdictions recognizing the assignability of past due or accrued sums or installments of alimony: Lynham v. Hufty, 44 App. D. C. 589; Cederberg v. Gunstrom, 193 Minn. 421, 258 N. W. 574; Proctor v. Curchin, 273 N. Y. S. 821; Harrison v. Harrison, L. R. 31 Prob. Div. (Eng.) 180. The situation in those cases where assignment of rights under past due alimony payments was in question seems to be analogous with the instant case, and this court can see no reason for handling this matter in a different manner.

Defendant's motion to strike off the complaint is based upon plaintiff's failure to conform with Pennsylvania Rule of Civil Procedure 2002, defendant claiming that the caption in which plaintiff brought this action is not correct. Rule 2002(a) provides that all actions shall be prosecuted by and in the name of the real party in interest, except as otherwise provided. The rule, in clause (c), further provides that:

"(c) Clause (a) of this rule shall not apply to actions where a statute or ordinance provides otherwise.

The Act of April 13, 1867, P. L. 78, which sets up the proceedings upon which this support order was entered and provides for the entry of a bond, prescribes in section 3 that "all proceedings shall be in the name

of the Commonwealth." We think that it is apparent from the wording of rule 2002(c) that the provisions of the Act of 1867 above quoted, must be given effect and that this action should have been brought in the name of the Commonwealth to the use of plaintiff.

And now, February 25, 1954, for the foregoing reasons, defendant's preliminary objections that said chose in action cannot be assigned is hereby overruled and dismissed and defendant's motion to strike off the complaint is hereby granted unless plaintiff shall, within 20 days from this date, amend her complaint to indicate that it is brought in the name of the Commonwealth to the use of said plaintiff.