## STATE v. GLEN EDWARD McKINNON.

140 N. W. (2d) 608.

February 11, 1966—No. 40,146.

*Richard T. Hefferan* and *Mott, Grose, Von Holtum & Hefferan,* for relator.

*Elton A. Kuderer* and *Erickson, Zierke, Kuderer & Utermarck,* for respondent.

OTIS, JUSTICE.

This matter comes before the court on a writ of prohibition to enjoin the District Court of Martin County from proceeding with the trial of defendant for driving under the influence of intoxicating liquor.

Defendant was arrested by police officers in the early hours of the morning on May 8, 1965, while standing on the highway at the scene of an accident in the city of Fairmont. Although the officers testified that at the time of arrest defendant admitted he was driving one of the vehicles involved in the collision, neither officer witnessed the offense.

On May 13, 1965, defendant made a general appearance in the municipal division of the Martin County probate court where he pled not guilty to the charge, was tried, and convicted. He thereupon appealed to the district court "upon consideration of law and fact" and there ap-

peared specially to move that the proceedings be dismissed on the ground that the court had no jurisdiction over his person because the officers had no authority to arrest him for a misdemeanor not committed in their presence.[1] The motion was denied, and relator's petition to this court for a writ of prohibition followed.

In rendering its decision, the trial court did not reach the question of whether defendant's arrest was illegal, but held that his appearance in probate court constituted a waiver of any defect in jurisdiction over his person. Absent an adjudication concerning the validity of the arrest, that matter is not here for review.

The issue which we must resolve, and which is one of first impression in a criminal matter in this state, is whether a general appearance in an inferior court and an appeal for trial de novo on issues of law and fact confer jurisdiction over the defendant's person if there is a special appearance on appeal and the court is otherwise without jurisdiction.

Under our present law, the probate court of Martin County may now exercise the same jurisdiction as that conferred on municipal courts. Minn. St. 525.011. Appeals from probate court when exercising such jurisdiction are governed by the rules applicable to municipal courts. Minn. St. 525.014. Under § 488.20, appeals to the district court from the municipal court are in turn governed by the statute applicable to appeals from justice courts. Matters thus appealed on questions of law and fact are tried "in the same manner as if commenced in the district court." Minn. St. 633.22 and 532.41.

In the past, both the legislature and the judiciary have favored a policy of according liberal review to decisions of probate courts, municipal courts, and justice courts.[2] Trials in the district court are de novo and without reference to what transpired in the lower court.[3] While we have on the one hand characterized prosecutions for violations of municipal ordinances as sui generis and have said they are designed to afford a

---

[1] Minn. St. 629.34; City of St. Paul v. Webb, 256 Minn. 210, 97 N. W. (2d) 638, 76 A.L.R. (2d) 1423.

[2] In re Estate of Rowe, 262 Minn. 13, 113 N. W. (2d) 352; City of St. Paul v. Sutherland, 270 Minn. 61, 132 N. W. (2d) 280.

[3] State v. Prickett, 217 Minn. 629, 631, 15 N. W. (2d) 95, 96.

speedy trial and prompt punishment,[4] it has been suggested on the other hand that "the informality, speed, stress, error, and even injustice incident to proceedings before justices of the peace require that opportunity be afforded to correct the miscarriages of justice and to relieve parties from the harmful consequences thereof" by a trial de novo in the district court.[5] It is apparent, however, that this criticism of judicial procedures reflected in the dissent of Mr. Justice Peterson stemmed largely from the fact that laymen have presided over courts of inferior jurisdiction. These problems will ultimately be obviated by legislation which now requires newly appointed municipal and probate judges to be members of the bar[6] and gives defendants in justice court the absolute right to a change of venue.[7] In addition, a jury trial is now afforded defendants prosecuted for ordinance violations.[8] In the light of these developments, the considerations which previously prompted the liberal granting of trials de novo in appeals from municipal courts and probate courts have lost much of their validity.

Although we have not passed on the question of whether an appeal on questions of law and fact constitutes a waiver of jurisdiction over defendant's person in a criminal case, this issue has previously been raised in civil litigation. Minneapolis Sav. & Loan Assn. v. King, 198 Minn. 420, 270 N. W. 148. There, defendant in an unlawful detainer action in justice court moved to make a special appearance to challenge jurisdiction over his person. The motion was denied and a judgment of restitution entered. Defendant appealed to the municipal court of the city of St. Paul on questions of law and fact and again sought to renew the jurisdictional question. This court held that defendant had thereby made a general appearance and had waived the right to challenge jurisdiction. To the same effect is Schutt v. Brown, 201 Minn. 106, 275 N. W. 413.[9]

---

[4] State v. Ketterer, 248 Minn. 173, 180, 79 N. W. (2d) 136, 141.

[5] Dissent, State v. Boulton, 229 Minn. 576, 587, 40 N. W. (2d) 417, 423.

[6] Minn. St. 488.06, subd. 3, and 525.04.

[7] Minn. St. 531.115.

[8] State v. Hoben, 256 Minn. 436, 98 N. W. (2d) 813. See, also, Minn. St. 484.63.

[9] Under Rule 12.02, Rules of Civil Procedure, lack of jurisdiction over the

Although, as we have indicated, there seems little need for repetitious and successive criminal trials under present conditions, until the statute is amended we must give it effect. Whatever may be the rule in connection with civil matters, it is difficult to see how a defendant in a criminal case may fully avail himself of a trial de novo unless he appeals on questions of both law and fact. Assuming he raises the jurisdictional question in the court of first impression (which was not done here), he cannot appeal directly to this court from an adverse ruling but must look to the district court for relief.[10] If he appeals on a question of law only and does not prevail, he has lost the right conferred by statute to a trial on the merits. We feel this result is unjust in view of the statutory right to proceed in the district court as if the matter had originally commenced there. Where defendant makes a special appearance at the first opportunity afforded him in the district court, we believe he has adequately protected his record and can avail himself of the right to challenge the jurisdictional defect notwithstanding his failure to raise it in the lower court.

As to his general appearance in probate court we see no more reason for insisting that defendant submit the jurisdictional question to the first court on pain of waiving his right to object at the trial de novo than in requiring that he object to evidence or except to the charge in order to preserve those questions on appeal to the district court. Were we to hold otherwise, we would emasculate the present appeal statute.[11]

We therefore hold that as applied to criminal matters where there is a general appearance in probate court followed by an appeal to the district court on questions of law and fact, the right to object to jurisdiction over the person is not waived if defendant makes a special appearance in the district court or raises the issue there by timely motion. The writ is there-

person may now be raised by motion or may be raised for the first time in the pleadings without requiring a special appearance.

[10] Minn. St. 488.20 — except as to cities of the first class, Minn. St. 488.02.

[11] See, State v. Tiner, 13 Minn. 488 (520). We recognize that the rule is otherwise elsewhere. City of Roswell v. Leonard, 73 N. Mex. 186, 386 P. (2d) 707; Shorter v. State, 89 Ind. App. 288, 166 N. E. 287; State v. Rosenblum, 102 N. J. L. 125, 130 A. 614; 5 Am. Jur. (2d) Appearance, § 34.

fore made absolute until there is a determination of the jurisdictional question which arises from the circumstances of his arrest, concerning which we intimate no opinion.

Writ made absolute.