## STATE v. CLIFFORD EDWARD PORTER.

144 N. W. (2d) 260.

July 15, 1966—No. 40,103.

*Peter Hemstad,* for appellant.

*Robert W. Mattson,* Attorney General, *Gerard W. Snell,* Solicitor General, *Linus J. Hammond,* Assistant Attorney General, and *Eugene T. Williamson,* County Attorney, for respondent.

---

Otis, Justice.

Defendant appeals from a conviction for forgery. He challenges the trial court's jurisdiction on the ground he was illegally arrested.

Defendant is a fullblooded Chippewa Indian and an American citizen. He was a resident of Minnesota in January 1965 when the sheriff of Koochiching County was asked to arrest him for uttering a forged check. Having been advised that defendant was then in Canada, the sheriff communicated with the police at Emo, Ontario, who shortly thereafter apprehended defendant when he appeared at the station on a wholly unrelated matter. On January 31, 1965, he was conducted by the police to the international border and was there delivered to the Koochiching authorities. Thereafter defendant was assigned counsel, waived preliminary hearing, appeared in the district court, and pled guilty to forgery.[1] It was not until he appealed to this court that he raised the issue of whether an illegal arrest deprived the trial court of jurisdiction.

■ In advancing his contention that he was denied asylum and prosecuted in violation of Art. X, Ashburton Treaty of 1842, 8 Stat. 576,[2] defendant recognizes his not inconsiderable burden of persuading this court to ignore the rules adopted by the United States Supreme Court in Ker v. Illinois, 119 U. S. 436, 7 S. Ct. 225, 30 L. ed. 421, and Frisbie v. Collins, 342 U. S. 519, 72 S. Ct. 509, 96 L. ed. 541. The Ker case dealt with the unlawful apprehension in Peru of a defendant brought to Illinois for trial. The Frisbie case considered the validity of a conviction in Michigan secured after an illegal arrest in Illinois. In both instances the trial court was held to have jurisdiction. The rule was stated thus in Frisbie (342 U. S. 522, 72 S. Ct. 511, 96 L. ed. 545):

"* * * [T]he power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' * * * There is nothing in the Constitution that requires a court to permit a guilty person rightfully

---

[1] Minn. St. 609.625, subd. 3.

[2] The treaty sets forth the extradition procedures for forgery. It is conceded they were not here followed.

convicted to escape justice because he was brought to trial against his will."

Nevertheless, defendant argues that bypassing extradition procedures established by international treaty is an intolerable affront to Canadian sovereignty. Much the same argument was made and rejected in People v. Rowe (1858) 4 Park. Cr. R. (N. Y.) 253. In that case the defendant was charged with larceny by New York authorities who arranged with the Canadian police to have the prisoner forcibly brought to the suspension bridge between Canada and the United States for delivery into custody of the New York police. The New York court conceded that the arrest violated the defendant's right of personal liberty but left to the Canadian courts the responsibility for his redress. However, the court expressed the view, with which we concur, that if the dignity of Canada was insulted it was by a Canadian offender who remained within the reach of the Canadian law. In the light of these authorities we conclude that under *Federal law,* if the arrest was illegal (and we think it was), it did not deprive the Minnesota court of jurisdiction.

■ Whether under *Minnesota law* the district court had jurisdiction over defendant is another matter. We held in City of St. Paul v. Webb, 256 Minn. 210, 97 N. W. (2d) 638, 76 A. L. R. (2d) 1423, and recognized in State v. McKinnon, 273 Minn. 210, 140 N. W. (2d) 608, that a defendant who has been illegally arrested and at the earliest opportunity appears specially to challenge the jurisdiction of the court must be released until rearrested in a manner prescribed by law. Until such time the court does not have jurisdiction over his person. However, where, as here, the illegality of the arrest was not raised in the trial court, jurisdiction over the person is conferred by consent, and objection is deemed waived. State ex rel. Farrington v. Rigg, 259 Minn. 483, 107 N. W. (2d) 841.

Affirmed.