# ·STATE v. RICHARD GEORGE BROWN.

155 N. W. (2d) 278.

December 22, 1967—No. 40,579.

C. Paul Jones, State Public Defender, and Robert E. Oliphant, for appellant.

Douglas M. Head, Attorney General, Gerard W. Snell, Acting Solicitor General, and David J. Byron, Special Assistant Attorney General, for respondent.

PER CURIAM.

Defendant appeals from a conviction after a plea of guilty to an unauthorized use of a motor vehicle contrary to Minn. St. 609.55.

On March 19, 1966, defendant, aged 17, stole an automobile in Red Wing, Minnesota, and drove it to Prescott, Wisconsin, where he was arrested. At that time he was a fugitive from the Red Wing Training School, having failed to return from a 1-day institutional parole for a visit to his parents' home in St. Paul 12 days earlier. After his arrest, in some manner not disclosed by the record, he was returned to Minnesota and placed in the custody of the St. Paul Police Department. Thereafter, upon a petition alleging delinquency, he appeared before the Juvenile Court of Goodhue County and, following a hearing, was referred for prosecution as an adult. Represented by court-appointed counsel, who had also appeared with him at the hearing before the juvenile court, he waived preliminary hearing in the municipal court. Upon arraignment in district court on April 22, 1966, he entered a plea of not guilty, and his trial was tentatively set for May 23. On that day, with the permission of the court, he withdrew his plea of not guilty and tendered a plea of guilty. After a comprehensive examination by counsel and the court concerning his understanding of his rights and the charge made against him, his plea was accepted. He was adjudged guilty of the charge and sentenced to the custody of the Youth Conservation Commission for the maximum indeterminate term of 3 years. It was not until this appeal that he questioned the jurisdiction of the trial court to accept his plea upon a claim that the record of the proceedings does not establish that he was validly extradited.

While the record does not affirmatively show that established extradition procedures were employed to return defendant to this state, neither does it justify the assumption that he was either illegally arrested or brought here against his will. However, even assuming that he was returned without compliance with or waiver of extradition procedures, the power of the district court to proceed against him is unimpaired, and his failure to object to the jurisdiction of the court over his person in the trial court is deemed a waiver thereof. We are not disposed to deviate from these long-established rules recently reaffirmed in State v. Johnson, 277 Minn. 230, 152 N. W. (2d) 768, and State v. Porter, 274 Minn. 419, 144 N. W. (2d) 260.

Affirmed.